## BRICE v. TAYLOR.

|51 75|
|57 355|
|51 75|
|84 95|

1. ADMINISTRATION: *Action for waste of assets; Rights of distributees and creditors.*

The distributee of an estate is not entitled to maintain an action against the administrator for waste or conversion of assets, without showing that the claims of creditors have been satisfied; but if such suit is sustained a judgment obtained therein by the plaintiff is not binding on absent parties in interest, and he is only a trustee for the benefit of those entitled to the fund recovered.

Brice v. Taylor.

2. SAME: *Same: Right of administrator de bonis non.*

When it becomes necessary to remit to the probate court for administration, a balance recovered from the administrator in chief in an action on his bond, brought under the statute, [Mansfield's Digest, sec. 199,] by a creditor or "other person interested," it should be paid to the administrator *de bonis non* as assets of the estate—although he could not, under the statute, nor at common law, have maintained the action in which it was recovered.

3. SAME: *Same.*

An administrator *de bonis non* may maintain a bill in equity to prevent, by injunction and other appropriate orders, the loss or misapplication of a fund recovered by an insolvent distributee from the administrator in chief, and which is required for the satisfaction of creditors.

4. JUDGMENT: *Assignment by trustee.*

When a plaintiff in a judgment is only a trustee thereof, and, as shown by the record, has no beneficial interest therein, his assignment of it will pass no title.

APPEAL from *Cleburne* Circuit Court in Chancery.

J. W. MARTIN, Judge.

*W. R Coody*, for appellant.

A court of chancery has no power to lift the administration out of the probate court for the purpose of proceeding with it.   It can only lend its aid to correct frauds, etc., uncover assets, etc., and if there are still further proceedings necessary, they must be had in the probate court.   33 Ark., 729; 33 Id., 575; 34 Id., 71; *Turner v. Rogers*, 49 Ark.; 4 S. W. Rep., 196; 39 Ark., 117-19; 32 Id., 297.   While an heir, legatee or creditor may show fraud and uncover assets in an administrator's hands, yet, when the fund is recovered, all the chancery court can do is to direct them turned over to the existing administrator to be administered under the orders of the probate court.

*J. W. House*, for appellees.

An administrator *de bonis non* cannot sue a former ad-

ministrator for waste or conversion. 24 Ark., 117; 34 Id., 144; 36 Id., 307. But an heir or legatee can. 24 Ark., 117. Now will a court of equity allow an administrator *de bonis non* to come in and reap the benefit of a fund he could not sue for or recover? We think not. Equity will not enjoin a judgment on the ground of hardship. 20 Ill., 310. Nor was the transfer of the decree ground for injunction. 26 La., 42.

Third parties are not bound by latent equities. 12 Cal., 257; 24 Penn. St., 363; 2 John. Chy., 442; 26 N. J. Eq., 414; Freeman on Judgment, secs. 428, 217.

COCKRILL, C. J.

The appellee, Amelia Taylor, as next of kin of H. J. Gatton, deceased, filed her complaint in equity against Greer, who had been executor of Gatton's estate, to surcharge his accounts and recover the value of assets which he had technically administered, but for the proceeds of which he had failed to account. She recovered judgment for two hundred and odd dollars and interest. Thereupon Brice, the appellant here, filed his complaint in the same court against the appellee, Greer, and another, alleging the facts above set forth, and also that he had been appointed administrator *de bonis non* of the estate of Gatton, that there were debts outstanding to the amount of about $5,000, allowed by the probate court where the adminstration was pending, that there were no personal assets with which to discharge the debts and that the lands were insufficient for the purpose; and that if the plaintiff in the judgment was permitted to collect the money, it would be lost to the estate. The prayer was, that the plaintiff be restrained from collecting the amount due on the judgment and that it be paid to the plaintiff in this suit, the

Brice v. Taylor.

administrator *de bonis non*, to be accounted for in the probate court as assets of the estate of Gatton. A temporary restraining order was issued when the complaint was filed, enjoining the collection of the judgment, but the bill was eventually dismissed on a demurrer. When the appeal was prayed, the injunction was reinstated by the court for the purpose of holding the matter in *statu quo* until the rights of the parties could be determined here.

Ought the complaint to have been dismissed?

That an administrator *de bonis non* could not call the administrator in chief to account for waste or conversion of the assets of the estate was well settled at common law, and the American courts enforce the rule unless relieved by statute. *U. S. v. Walker*, 109 U. S., 258. This court is committed to the doctrine that the common law still prevails in that respect in this state. *State for use of Oliver v. Rottaken*, 34 Ark., 144, and previous cases.

1. ADMINIS-TRATION: Action for waste of assets: Rights of distributees and creditors.

The statute authorizes suit against an executor or administrator and his bondsmen by "any legatee, distributee, creditor or other person interested." Mansfield's Digest, sec. 199. This provision is declaratory of the common law according to the judgment in *State v. Rottaken, Sup.* But no person, even of one of the classes mentioned, can maintain his action unless his interest is made apparent. A distributee, or one who in the absence of creditors would be entitled to the fund, is not a party in interest until the creditors are satisfied, and he should not be allowed to maintain an action against the administrator and his bondsmen without showing that fact. *State for use of McCreary v. Roth*, 47 Ark., 222. But if the suit is sustained, the judgment, in so far at least as it favors the plaintiff, is not binding on the absent parties in interest who have had no opportunity of asserting their rights,

and the most the judgment plaintiff can claim is that he is a trustee for the benefit of those entitled to the fund. 3 Williams' Ex'rs, (2007); Schouler on Ex'rs, sec. 407. This was the law before the statute and it is evident that it was not the intention of the legislature to make a change for the plaintiff's benefit, for the provision which authorizes the suit declares that the amount recovered "shall be distributed by the court in the same manner as if the same had been accounted for by the executor or administrator." Sec. 199, supra.

Under the English system, until changed by Parliament in the reign of Victoria, the administrator *de bonis non* had no concern whatever with a balance due from the administrator in chief, and could not interfere with a judgment of recovery obtained by any of the parties entitled to sue.

The remedy was for the creditor himself to take action against the defaulting administrator by bill in chancery on behalf of himself and others similarly interested, when an accounting was had, the creditors' claims proved up, and the estate administered as far as was necessary—the court of equity exercising concurrent jurisdiction under certain restrictions with the ecclesiastical courts in the administration of estates of decedents. The difficulty with us in undertaking to follow the English rule arises at that point. The statute authorizing suits by the legatee, distributee or creditor, confers an equitable as well as a legal remedy; but the jurisdiction of our courts of equity is more restricted than that of the English courts.

They are prohibited by the constitution, as construed by this court, from exercising jurisdiction concurrent with the probate courts or otherwise, in the administration of decedents' estates. The latter tribunals have exclusive jurisdiction in

such matters, and there is no power in equity to draw to itself the administration of an estate and wind it up as the English court did, when once it had obtained jurisdiction. *Turner v. Rogers*, 49 Ark., 51, and cases cited. With this limited jurisdiction, equity can do no more than remove obstacles in the way of the probate court in order that the latter may successfully proceed with the administration, and having opened the way, it relinquishes its grasp on the estate and leaves the administration to proceed in the other tribunal. It is only when the probate court has fully performed its functions, leaving nothing in the way of a distribution of the amount recovered, that equity can direct the distribution. *Reinhardt v. Gartrell*, 33 Ark., 727. If the rule were otherwise, the court of chancery would interfere with, or would itself direct the administration. If continued proceedings in the course of administration are necessary, after the ancillary tribunal has lent its aid, it follows that a fund raised through that medium must be remitted to the probate court, as such additional steps can be taken in that court alone. The administrator *de bonis non* would, in that event, assume the duty under the statute of administering the fund under the direction of the court of probate. Schouler on Ex'rs, sec. 408. He would, in that contingency at least, be a party in interest, as trustee for the creditors and others concerned.

If the balance due from the administrator in chief is voluntarily rendered by him to the probate court on his final settlement, it becomes assets of the estate when paid into the hands of his successor, for which he and his sureties are liable Schouler on Ex'rs, sec 408; *Whitworth v. Oliver*, 39 Ala., 286. It is difficult to appreciate the reasoning which leads to a different conclusion when the amount is raised by suit on his bond for the benefit of the estate. If in this, as in the

Brice v. Taylor.

contingency mentioned above, the administrator *de bonis non* becomes a party in interest, consistency would, it seems, require that he should be permitted to sue for and recover the fund. But I am not at liberty to regard that as an open question. In order to prevent a failure of justice and a perversion of the obvious intent of our administration laws, we hold, however, that when it becomes necessary to remit to the probate court for administration a balance recovered in another tribunal from an executor or administrator in chief, it shall be paid to the administrator *de bonis non* as assets of the estate. If it can be ascertained from the records of the probate court that the fund is ripe for distribution, nothing is in the way of an order to that effect in the tribunal where it is recovered, and it is then unnecessary to encumber it with costs and delay by remitting it to the probate court. *Gray v. Harris,* 43 Miss., 429. No good end is attained by the circuity of action contemplated by the statute. It is often doubtful who is entitled to sue, and the natural tendency of the law, as it stands, is to make waste of what are practically, if not theoretically, assets of the estate; and the sooner the legislature remedies the evil by conferring the necessary authority on the administrator *de bonis non*, the better.

The demurrer to the complaint admits that its allegations are true. The plaintiff in the judgment is therefore a naked, voluntary and insolvent trustee, who is about to waste or convert to her use the trust fund. When these facts were brought to the knowledge of the court, the issue of the restraining order was proper. It is not certain from the complaint whether the estate is ready for the distribution of the fund or not, but the complaint should not be dismissed for that reason, and the trustee allowed to misapply the fund. If it appears that it will not interfere with the course of admin-

Vol. LI.—6

istration, and the proper parties are before it, the chancery court where the judgment is recovered may cause it to be executed and make a distribution of the fund; otherwise it should be paid to the administrator *de bonis non*, to be administered under the orders of the probate court.

5. JUDG-
MENT:
Assignment
by trustee.
We have not overlooked the allegation of the complaint to the effect that the plaintiff in the judgment has endorsed upon it an assignment of her right, title and interest in it to a stranger to the record. The assignee, who is made a party defendant, took nothing by the assignment, because the assignor had no beneficial interest to assign. The judgment record itself apprised him of the fact.

The judgment is reversed; the cause will be remanded for further proceedings, and the injunction will be continued in force until the further order of the Cleburne circuit court.