## McLeod v. Tisdale.

### Opinion delivered March 4, 1893.

*Probate judgment obtained without notice—Relief in equity.*

> In an action against the sureties upon an administrator's bond to recover an amount found due upon settlement of his accounts in the probate court, the answer prayed that the cause be transferred to equity, alleging that the settlement was made without notice to the administrator, and that he was thereby deprived of the benefit of certain credits to which he was entitled.
>
> *Held*, that the answer stated a good defense and that the prayer to transfer the cause should have been granted.
>
> *Held*, also that if upon a hearing defendants made out the case stated by them, the judgment of the probate court settling the administrator's accounts should be set aside to enable defendants to interpose their defense in that court.

Appeal from Cleveland Circuit Court.

Carroll D. Wood, Judge.

Margaret Tisdale and others, distributees of the estate of Mary Jane Wentz, deceased, brought suit

against G. W. & P. M. McLeod, sureties upon the bond of A. B. Wentz, administrator of the above mentioned estate. The complaint alleged that in February, 1885, the administrator filed an annual account showing a balance in his hands of $376; that subsequently he removed to Texas without making further settlement; that, at the November term, 1885, the probate court revoked his letters, and at the next term made an order that he pay over to the distributees the amount shown by his account to be in his hands.

The answer of defendants alleged that the judgments of the probate court fixing the amount of money in the hands of Wentz and ordering him to pay it over to the distributees were rendered without notice or citation to Wentz; that Wentz was entitled to certain allowances, of the benefit of which he was deprived by the want of notice. They asked that the cause should be transferred to equity, that the answer be treated as a cross-complaint, and that the court decree a settlement according to the facts of the case.

The court refused to transfer the cause to equity. The jury returned a verdict for plaintiffs in the sum of $427.95. Defendants have appealed.

*Met L. Jones* for appellants.

1. The cause should have been transferred to equity. The answer presented a defense exclusively cognizable in equity. 44 Ark. 478; 49 *id.* 22.

2. The claims of creditors are paramount to those of distributees, and it must be shown that the debts have been paid before distribution can be had. 34 Ark. 144, 150; 21 *id.* 105; 47 *id.* 225; 53 *id.* 137.

3. No citation was issued for Wentz, and no notice was served upon him or his sureties. See Mansf. Dig. secs. 42, 43, 199, 137–8.

COCKRILL, C. J.    When a party has a good defense
to an action, and is prevented from making it because he
has not notice of the pendency of the suit, it is the prov-
ince of equity to open the judgment in order to allow the
defendant the benefit.of his defense, if he is not barred
by laches in asking relief.    *State* v. *Hill*, 50 Ark. 458;
*Guess* v. *Amis*, 54 *id.* 1; *Thompson* v. *Ogle*, 55 *id.* 103.

The doctrine applies to a judgment of the probate
court rendered against an administrator for the recovery
of the balance found due by the court on settling his
account, without previous citation or notice to him.    As
such a judgment is binding on the sureties in the admin-
istrator's bond, they are entitled to the relief to the same
extent as their principal.

We make the following deductions from the plead-
ings in this case :    The probate court settled the admin-
istrator's accounts, and rendered judgment against him
for the amount found due.    If that is not the meaning
of the complaint, it failed to state a cause of action.
The answer alleged that neither the administrator nor
sureties had notice of the proposed action in reference to
the settlement of the accounts ; that the administrator
had paid taxes and discharged probated claims which
were a charge against the estate, and for which he
should have had allowance on final settlement, and that
he was prevented by the want of notice from having the
allowances made.    That is the fair inference from the
allegations of the cross-complaint.    It stated therefore
an equitable defense to the plaintiffs' complaint, accord-
ing to the principle above set forth, and the prayer to
transfer to equity should have been granted.

There was no specific prayer to set aside the probate
court judgment, but the defendants asked to be allowed
to settle the accounts in the probate court—the tribunal
having primary jurisdiction of that matter.    Whether
the probate court, under our peculiar administration,

has exclusive jurisdiction to state the account and fix the liability of an administrator in such a case has not been argued by counsel and need not be decided now. See *Brice* v. *Taylor*, 51 Ark. 75.

If the facts justified any relief, the defendants' misconception of their remedy did not cut them off from that to which they were entitled under the pleadings. The court ought to have transferred the cause, and if, upon a hearing, the defendants made out the case stated by them, the court should have set aside the judgment of the probate court to enable the defendants to interpose their defense in that tribunal.

Reverse and remand with directions to proceed in accordance with this decision.