## MUTUAL AID UNION *v.* BLACKNALL.

### Opinion delivered April 17, 1916.

1. BENEFIT INSURANCE—ACTION—FORUM.—An action to recover upon a certificate of benefit insurance, under Kirby's Digest, section 4377, may be brought in the county of the residence of the decedent and beneficiary.

2. INSURANCE—MUTUAL COMPANIES—SERVICE.—Kirby's Digest, section 4348 does not control the matter of service of process upon mutual insurance companies.

3. INSURANCE—STATEMENTS OF APPLICANT—FRAUD.—It is error to refuse to submit to the jury the question of fraud in the procurement of a policy of life insurance, where there was testimony showing that the applicant knew of a rule of the company that insurance would not be issued to a man over sixty years of age, and that the applicant was sixty-six years of age.

Appeal from Logan Circuit Court, Southern District; *James Cochran,* Judge; reversed.

The appellant, *pro se.*

1.   The summons should have been quashed. Kirby's Digest, § § 4377, 6067, 4348, etc., 4350; 104 Ark. 417; 74 *Id.* 1.

2.   The court erred in refusing to permit appellant to amend the answer. Kirby's Digest, § § 6145, 6149; 64 Ark. 253.

3.   The policy was void for fraud. 103 Ark. 201; 74 *Id.* 1; 72 *Id.* 620; 25 Cyc. 798 to 801. Having made false answers to questions relative to his health, no recovery could be had. 103 Ark. 201; 74 *Id.* 1; 72 *Id.* 620; 25 Cyc. 798 to 801.

4.   A verdict should have been directed for defendants as the policy was void. 89 Ark. 24; 71 *Id.* 445; 80 *Id.* 190.

5.   It was error to refuse the instructions asked by appellants as to fraud, bad faith, etc., of the deceased. 58 Ark. 528; 163 S. W. (Ky.) 482; 153 *Id.* (Mo.) 1065; 25 Cyc. 803.

6.   If the insured signed the application he is presumed to know the contents. 71 Ark. 185; 70 *Id.* 572; 9 Cyc. 389, 390, 802; 143 S. W. (Ky.) 45; 103 Ark. 201.

*J. H. Evans,* for appellee.

1.   The court properly overruled the motion to quash the service of summons.   Kirby's Digest, §§ 4377-8-9; 87 Ark. 72; Kirby's Dig., §§ 6072, 4352.

2.   There was no abuse of discretion in refusing to permit appellants to amend their answer after Mrs. Vandiever had testified.   64 Ark. 253.   The testimony showed that no fraud was practiced.   The policy was issued by the agent of defendant with full knowledge of all the facts.

3.   There is no error in giving or refusing instructions.   The court's charge fully covers all the law of this case.   103 Ark. 201; 102 *Id.* 151; 65 *Id.* 581; 71 *Id.* 295; 57 *Id.* 11.

SMITH, J.   Appellee, as the beneficiary under a certificate of membership in the appellant company, recovered judgment against appellant for the amount of this certificate. The suit was brought in the circuit court of Logan County, where the decedent and the beneficiary lived, and a motion to quash the summons was filed upon the ground that the company is a mutual aid society organized and existing for the mutual aid of the beneficiaries of its members, in case of death, and that said organization is not based upon a subscribed or paid-up capital, either in whole or in part, but alone upon membership dues and *pro rata* assessments upon its members, and that its principal office and place of business is in Rogers, in Benton County, where its chief officers reside, and that appellant does not have or maintain any branch or agency in the county of Logan, and that the sureties upon appellant's bond, who were also made defendants, were also resident citizens of Benton County at and prior to the time of the filing of the complaint, and that service was had upon all parties who were made defendants in Benton County.

(1)   It is insisted that unless the provisions of section 4377 of Kirby's Digest apply, this action could have been properly brought only in Benton County.   Proof was offered on the motion to quash the service in support

of the allegations of that motion showing the character of business done by appellant and to sustain appellant's contention that it was not such a company as was described in that section.  This section provides (insofar as its provisions are material here) that when any death has occurred of a person whose life shall have been insured that the beneficiary, or his assigns, may maintain an action against the insurance company in the county of the residence of the party whose life was insured, or in the county where the death of such party occurred.

Section 4379 of Kirby's Digest provides that in all actions against assessment or mutual insurance companies, or against the bonds of such companies, by any policy holder or beneficiary, it shall be sufficient to bring such company into court by the usual summons on the secretary, or president, or managing agent thereof, and in suits upon the bond by ordinary summons as in other cases upon the several bondsmen sued.

Section 4377 of Kirby's Digest was first enacted on March 2, 1887, and became section 4142 of Sandels & Hill's Digest.  As so enacted it did not apply to suits on life insurance policies, but the act was amended on February 27, 1897, to read as it now appears in Kirby's Digest. By the amendment the statute was made applicable to actions on life and accident policies.

A very similar question to the one now before us was presented in the case of *Neimeyer* v. *Claiborne*, 87 Ark. 72.  That was a suit in Garland County for a loss which occurred there against a mutual fire insurance company whose place of business was in Pulaski County and the sureties on the bond of that company who also resided in Pulaski County.  It was there insisted that a suit against the company and the bondsmen jointly could only be maintained in Pulaski County, the home of the sureties, but in disposing of that contention it was said:

"*Third*.  The appellant contends that the Garland Circuit Court had no jurisdiction over him because he neither resided nor was summoned in that county.  Section 4376 of Kirby's Digest provides:  'That the sureties

on the bond of an insurance company may be made parties defendant, and final judgment rendered against them at the same time and in like manner as against the company.' Section 4377 of Kirby's Digest expressly authorizes a suit upon a fire insurance policy to be brought in the county where the loss occurred. It is not contended that the Garland Circuit Court did not have jurisdiction of the insurance company, the principal defendant, and of the subject-matter. The loss occurred in Garland County, and the suit was brought there. Under the above sections, the suit was properly brought against appellant in Garland County, and the circuit court of that county had jurisdiction of his person. This special statute applies to suits against sureties on the bond of fire insurance companies, and not section 6072, Kirby's Digest, which applies to other actions. The sureties under the above statute may be made parties defendant in the suit against the principal, and service had upon them in any county in which the principal may be served, *i. e.,* in any county of the State. The words 'in like manner' evidently refers to the process or procedure for bringing the defendants, sureties, into court, as well as any and all other procedure necessary and incident to obtaining final judgment against them.''

(2) Appellants also say the service is bad by reason of the portion of section 4348 of Kirby's Digest which provides that the insurance laws of this State shall be so construed as not to apply in their operations and requirements to any mutual aid society in this State for the relief of the members thereof in case of pecuniary loss by fire or otherwise, and for mutual aid of the beneficiaries of such members in case of death, and which is not based upon a subscribed or paid-up capital, in whole or in part, but alone upon membership dues and *pro rata* assessments upon its members. This section provides for the bonds to be given and the periods of their renewal for the insurance companies to do business in this State, but does not undertake to deal with the subject of service upon such mutual companies and can not, therefore, be held to.

provide for a different manner in which such companies may be sued and served with process.

(3) It is insisted that the policy was procured through the fraud of the insured in regard to the statement of his age. The by-laws of the company provided that no person shall be eligible to membership who is past sixty years of age, and it is undisputed that the insured was sixty-six years of age at the time his application was taken. It is said, however, in behalf of appellee that the answers to the questions contained in the application were written by appellant's agent, and that a truthful answer to the questions concerning age was given by the insured, and that if the answers were not correctly written, this failure was the fraud of appellant's own agent, and it was charged with his knowledge and became liable upon the death of the insured. In support of this position appellee cites the cases of *Gray* v. *Stone,* 102 Ark. 146.

Appellant requested a number of instructions which dealt with the question of fraud in the procurement of the policy. These instructions were to the effect that if the insured induced the company to issue him the membership certificate by falsely representing that he was only sixty years of age, when, in fact, he was sixty-six, or that if he falsely stated that his age was only sixty, when in fact he was sixty-six, or that he knew the agent had incorrectly stated his age in the policy, there could be no recovery.

Instructions were also asked to the effect that if the agent was not authorized to receive applications for membership from persons over sixty years of age, and this fact was known to appellee at the time the application was prepared, then there could be no recovery, and that if the insured gave his correct age and the agent wrote his age incorrectly in the application, then the company would be bound by the knowledge of its agent as to the correct age of the insured, provided the insured acted in good faith, but if the insured had knowledge of the incorrect statement as to his age and failed to inform the company of

that fact the insured can not be held to have acted in good faith and the company would not be liable.

All of these instructions were refused, and it is insisted by appellee that no error was committed in so doing for the reason that the question of fraud did not enter into the case, that if for any reason the insured was not eligible for membership this fact was fully known to the agent, and his knowledge is imputable to the company, and that as the proof shows that the insured did not sign the application himself, nor read it over, nor heard it read, he is not chargeable with the fraud of the agent. But this contention leaves out of account the evidence of another agent for the appellant company who testified in the case. This witness was a Mr. Sively, who testified that he knew the insured during his lifetime, and solicited him to become a member of the appellant company, and that he discussed with him the requirements of membership with reference to age, when assured said he was sixty-three years old, and, therefore, too old to join, and for that reason the policy was not written. Three years later the policy sued on was written. If this testimony is true, the insured knew he was not eligible for membership at the time his application was taken. If he knew that he was sixty-six years old and that no one past sixty could become a member, then he must have known that only a false answer to the question concerning his age could secure him a membership certificate, and if he knew a false answer had been written then his policy was void. Of course, it was the province of the jury to pass upon the evidence of the agent, Sively, and to say what inferences should be drawn from such portions of his evidence as they believed, but with this evidence in the record it can not be said that the instructions were abstract, and for the failure to submit the question of fraud in the procurement of the policy the judgment will be reversed and the cause remanded. *United States Annuity & Life Ins. Co.* v. *Peak,* 122 Ark. 58.