NISSEN *v.* ELLIOTT.

## Opinion delivered November 1, 1920.

1. EXECUTORS AND ADMINISTRATORS—EQUITY NOT AUTHORIZED TO RE-
   MOVE ADMINISTRATOR.—It is not within the jurisdiction of equity
   to lift an administration proceeding out of the probate court, nor
   has it jurisdiction to set aside for fraud an order of the probate
   court appointing an administrator.

2. PROHIBITION—ACTION WITHOUT JURISDICTION.—Where the chan-
   cellor in vacation attempted to lift an administration proceeding
   out of the probate court on the ground of fraud in the appoint-
   ment of an administratrix, and granted an injunction restraining
   her from further proceeding in the probate court, prohibition
   will lie to prevent the chancery court from proceeding further.

3. PROHIBITION—NECESSITY OF OBJECTION TO JURISDICTION.—Though
   the proper practice ordinarily is not to grant a writ of prohibi-
   tion until objection to the jurisdiction is made in the court below,
   yet where the chancellor has appeared in response to the peti-
   tion for prohibition and asserted jurisdiction of his court to pro-
   ceed in the action, it is unnecessary to await the making of
   formal objection in the chancery court when it convenes in ses-
   sion.

Prohibition to Prairie Chancery Court, Southern
District; *John M. Elliott,* Chancellor; prohibition
awarded.

*J. F. Holtzendorff* and *Trimble & Trimble,* for pe-
titioner.

1. The chancery court was without jurisdiction over
the estate of Otis G. Baw, deceased, and the writ of pro-
hibition should issue. The probate court had jurisdic-
tion alone, and is a court of superior jurisdiction. Kir-
by's Digest, § 1340; 43 Ark. 324; 83 *Id.* 416.

2. Petitioner, notwithstanding she was administra-
trix of Baw's estate, had the right to present her claim
to the probate court for consideration and judgment,
Kirby's Digest, § 109; 85 Ark. 296. The probate court
had authority to refer complicated accounts to an auditor
to be re-examined and restated according to the rules laid
down for government of masters in chancery. Kirby's
Digest, §§ 6326, 6341; 79 Ark. 75. Also has power to
order the payment and distribution of funds in the haads

of an administrator and to enforce its orders.   87 Ark.
105.   The complaint did not state facts for chancery
jurisdiction.   90 Ark. 451; 95 *Id.* 434.   The probate court
only had jurisdiction.   33 Ark. 727, 164.   Kirby's Di-
gest, §§ 3993-6, provide for the dissolution or modifica-
tion of an injunction., This case falls within the excep-
tions.   40 Ark. 510.   See 22 R. C. L., p. 5.   The chancel-
lor wrongfully assumed jurisdiction.

*Cooper Thweatt* and *Frauenthal & Johnson,* for
respondent.

1.   The Supreme Court has no jurisdiction to issue
prohibition against a chancellor in vacation.   73 Ark..66.

2.   The chanecry court, having jurisdiction for one
purpose, will retain it to fully try and determine the case
for all purposes and finally decide the rights of all par-
ties.   29 Ark. 407; 33 *Id.* 728; 51 *Id.* 75; 75 *Id.* 52; 83 *Id.*
554; 99 *Id.* 438.   See, also, 2 Crawford's Digest, 1865-6.
The complaint was sufficient to give the chancery court
jurisdiction.   (1) The administration was taken out for
fraudulent purposes, as there were no debts.   (2) Allega-
tions were made showing that Eva Baw Nissen had
obtained possession — was in possession — of a greater
amount of personal property than was necessary to pay
the debts of the estate, and the real estate should not be
sold.   (3) She was concealing property belonging to Otis
G. Baw, deceased, and (4) allegations were further made
sufficient to require an accounting of Mrs. Nissen for
moneys and properties in her hands belonging to Otis
G. Baw.

McCULLOCH, C. J.   Otis G. Baw, a resident of
Prairie County, died intestate and without issue in said
county on December 22, 1918, and his sister, who is one
of the heirs, applied to the probate court for letters of
administration, which were duly granted by that court.
She filed a claim against the estate for services rendered
the decedent, and on presentation of the claim to the pro-
bate court it was set down for hearing on May 10, 1920.
The two other heirs were infants and appeared in the

probate court by guardian to resist the allowance of the aforesaid claim against the estate and procured a postponement of the trial for the purpose of filing an answer and taking depositions. Before the day for trial in the probate court, said infants by their guardian, instituted an action in the chancery court of Prairie County, setting forth the death of Otis G. Baw and the fact that appellant and said infant plaintiffs were the heirs-at-law, and that appellant had been appointed administratrix of said estate and had presented a claim for allowance against the estate.

It was further alleged in the complaint that Otis G. Baw left a large amount of personal property, consisting of money in bank and other personal property, amounting in the aggregate to the sum of $16,000, and "that the said Eva Baw Nissen was fraudulently attempting to set up some kind of indebtedness due by the said Otis G. Baw to her, and through fraud was attempting to have herself appointed, and did have herself appointed for that purpose, as administratrix for said estate with the fraudulent purpose of presenting said claim individually and of failing to make any defense against the same as administratrix and of thus fraudulently endeavoring to obtain a judgment against said estate." It was further alleged that appellant "had moneys belonging to said estate in her possession and had personal property of said estate in her possession amounting to at least $16,000 and was fraudulently secreting and hiding same and withholding same." And it was also alleged that Otis G. Baw was not indebted to appellant in any sum or to any other person and that there were no debts of the estate.

The prayer of the complaint was that appellant be required to answer and make disclosure of all real estate which had been conveyed to her by said Otis G. Baw and of all moneys and other personal property which had come to her hands and that on final hearing there be a partition of all the property owned by the said Otis G. Baw between appellant and the plaintiffs in that action

and that appellant be restrained from any further proceeding in the probate court toward the allowance of her claim against said estate and from selling or obtaining an order to sell the property of said estate.

The chancellor granted a temporary injunction in vacation. Appellant appeared before the chancellor at the time and made objection to the jurisdiction of the court, which objection was overruled, and the injunction issued over objections of appellant. She has appeared here and filed her petition for writ of prohibition to restrain further proceedings in that cause in the chancery court. The chancellor has responded, and asserts that the chancery court has jurisdiction of the cause of action set forth in the complaint. He also demurs to the petition on the ground that the court should not restrain his action in issuing the temporary injunction in vacation. The complaint in the action in which the chancery court is sought to be restrained is clearly an attempt to lift the administration proceedings out of the probate court. This is not within the jurisdiction of the chancery court. *Reinhardt* v. *Gartrell,* 33 Ark. 728; *Brice* v. *Taylor,* 51 Ark. 75.

The action of the probate court in appointing the administratrix was conclusive of the necessity for administration (*Lambert* v. *Tucker,* 83 Ark. 416), and the chancery court can not assume jurisdiction to set aside the order for fraud. It is not an instance of an insufficient statement of a cause of action in a court having jurisdiction, but it is one where the court is entirely without jurisdiction of the subject-matter. This being true, prohibition is the appropriate remedy.

There is no appeal allowed from an order of a chancellor in vacation granting an injunction, and this is not an indirect attempt to have this court review the action of the chancellor in granting the injunction. The relief now sought is to prevent the chancery court from further proceedings, and the writ, if granted, will be in restraint of the court itself, and not of the chancellor in vacation. The proper practice ordinarily is not to grant

a writ of prohibition until objection to the jurisdiction is made in the court below, but, since the chancellor has appeared here in response to the petition and asserts jurisdiction of his court to proceed in the action, it is unnecessary to await the making of a formal objection in the chancery court when it convenes in session. *Monette Rd. Imp. Dist.* v. *Dudley,* 144 Ark. 69.

The writ of prohibition will therefore be awarded in accordance with the prayer of the petition in restraining the chancery court from further proceeding.