GALLOWAY *v.* LECROY.

Opinion delivered November 16, 1925.

1. RECEIVERS—JURISDICTION OF PERSON.—In a proceeding to remove a receiver as having been appointed before jurisdiction of the person of petitioner was acquired, the irregularity of making the appointment prematurely was an irregularity merely which was cured by the court's subsequent acquisition of jurisdiction.

2. PROHIBITION—DISCRETION TO AWARD WRIT.—The remedy by prohibition is discretionary with the court, and a petitioner will be denied relief where he waited an unreasonable length of time without excuse before seeking the writ.

Prohibition to Ouachita Chancery Court, Second Division; *George M. LeCroy,* Chancellor; writ denied.

*C. L. Bass* and *Powell, Smead & Knox,* for petitioner.

*Haynie, Parks & Westfall,* for respondent.

McCULLOCH, C. J. The petitioner, J. O. Galloway, seeks to obtain from this court a writ of prohibition restraining respondent as chancellor of the Second Division of the Seventh Chancery Circuit, from proceeding further in a cause pending in the Union Chancery Court for the removal of petitioner as trustee of a certain estate and the appointment of a receiver to manage and control the estate. The jurisdiction of the chancery court is challenged in the petition, and the chancellor has responded, the substance of the record being agreed upon.

It appears from the record that prior to August 23, 1923, petitioner was the trustee of a certain estate embracing oil interests in Union County, Arkansas, the business of the estate being conducted under the name of the J. O. Galloway Oil Interests, and there were numerous units of interest represented by certificates issued to purchase. The nature of the trust is not set forth in detail in the record, and it is left merely to inference as to what the provisions were. On the date mentioned above, J. E. Straughan, representing himself and all other unit holders in the trust estate, filed a complaint in the chancery court of Union County alleging that J. O. Galloway, as trustee, was incapacitated from

futher management of the trust, and asking that he be removed and receivers be appointed to manage and control the estate and wind it up for the benefit of the unit holders. The chancellor appointed two receivers, A. Meek and J. D. Reynolds, and they qualified, gave bond and assumed control of the estate. Shortly thereafter, the plaintiff or petitioner in that proceeding, J. E. Straughan, amended his complaint by setting forth the fact that Galloway was a non-resident of the State, and filed an affidavit for warning order, which was duly issued and published, and upon proof of publication the court re-affirmed or ratified its former order appointing the receivers, and, Reynolds having resigned, Meek was retained as sole receiver and continued to manage the trust estate.

On September 17, 1924, petitioner herein, J. O. Galloway, appeared in the proceedings in the chancery court of Union County and filed his answer or other plea seeking to have the receiver discharged and the proceedings dismissed. His plea was overruled, and nothing further has been done in that proceeding, so far as we are advised by the record now before us, except that the proceeding is still pending below and that the trust estate is still under the management of the receiver.

The validity of the proceedings and the jurisdiction of the court are assailed on the ground that the proceedings were not of an adversary character, there being no defendant named, and that the issuance and publication of the warning order was not sufficient to constitute due process and confer jurisdiction on the court over the person of petitioner herein. The trust estate being situated within the territorial jurisdiction of the chancery court, and the petitioner herein having voluntarily appeared in the court below, the jurisdiction of the subject-matter and of the person of the petitioner was complete. It is unnecessary to discuss the effect of the publication of the warning order. The premature appointment of a receiver, if indeed the appointment was premature, was a mere irregularity which has been cured by the

subsequent acquisition of jurisdiction over the persons of the interested parties. At any rate, a mere irregularity in the appointment would have to be corrected by appeal. Moreover, the remedy by prohibition is subject to the discretion of the court, and the petitioner has barred himself from that remedy by waiting an unreasonable length of time, without excuse, after he made himself a party to the proceedings below. *Weaver* v. *Leatherman*, 66 Ark. 211. No grounds are shown for the exercise of the extraordinary remedy of prohibition, and the prayer of the petition is therefore denied.