GRAND COURT OF ARKANSAS, ORDER OF CALANTHE, *v.* CARTER.

Opinion delivered November 30, 1931.

*Scipio A. Jones,* for appellant.

*Sam M. Levine,* for appellee.

SMITH, J. This suit was brought in the Jefferson County Circuit Court against the Grand Court of Arkansas, Order of Calanthe, (hereinafter referred to as the Order) a fraternal benefit society, whose principal office or headquarters is in the city of Little Rock, in Pulaski

County, by appellees, who alleged that they were the beneficiaries in a certificate issued to one Mattie Carter, a deceased member of said Order, and that, although said certificate was in full force and effect at the time of the insured's death, payment of the certificate had been refused after proper demand for payment had been made.

A summons was issued and was returned as having been served on W. E. Floyd, the State Insurance Commissioner, as "the agent designated for service by the Grand Court of Arkansas, Order of Calanthe," by the sheriff of Pulaski County, Arkansas. Thereafter a judgment was rendered in the circuit court of Jefferson County on September 20, 1930.

On October 6, 1930, a motion was filed to quash the summons and to vacate the judgment, for the reason that the circuit court of Jefferson County had no jurisdiction of the cause of action. The motion to vacate the judgment alleged the existence of a valid defense to the original suit, in that the certificate sued on had lapsed for the nonpayment of dues, and that the plaintiffs were not the real beneficiaries under the certificate.

The motion to vacate the judgment alleges that the Order is a fraternal benefit society duly organized under the provisions of act 462 of the Acts of 1917 (vol. 2, Acts 1917, page 2087), appearing as §§ 6068 et seq. of Crawford & Moses' Digest, and that, under a section of this act appearing as § 6071, Crawford & Moses' Digest, the Order was exempt from suit in any county except that of its domicile, or principal place of business, which was in Pulaski—and not in Jefferson—County. This section reads as follows: "Section 6071. Except as herein provided, such societies shall be governed by this act, and shall be exempt from all provisions of the insurance laws of this State, not only in governmental relations with the State, but for every other purpose, and no law hereafter enacted shall apply to them, unless they be expressly designated therein."

A portion of § 17 of the act of 1917 appears as § 6091, Crawford & Moses' Digest, and provides that "Every

society * * * shall * * * appoint in writing the commissioner of insurance * * * to be its true and lawful attorney on whom all legal process in any action or proceeding against it shall be served, and in such writing shall agree that any lawful process against it which is served upon such attorney shall be of the same legal force and validity as if served upon the society * * *."

Another portion of the same section appears as § 6092, Crawford & Moses' Digest, and reads as follows: "Section 6092. Copies of such appointment, certified by said insurance department, shall be deemed sufficient evidence thereof, and shall be admitted in evidence with the same force and effect as original thereof might be admitted. Service shall only be made upon such attorney, must be made in duplicate upon the commissioner of insurance, or, in his absence, upon the person in charge of his office, and shall be deemed sufficient service upon such society; provided, however, that no such service shall be valid or binding against any such society when it is required thereunder to file its answer, pleading or defense in less than thirty days from the date of the mailing the copy of such service to such society. When legal process against any such society is served upon said commissioner of insurance, he shall forthwith forward by registered mail one of the duplicate copies prepaid and directed to its secretary or corresponding officer. Legal process shall not be served upon any such society except in the manner provided herein."

It is insisted that, under §§ 6071 and 6092, Crawford & Moses' Digest, and under § 1177, Crawford & Moses' Digest, the defendant Order should have been sued in the county of its domicile, and not elsewhere. Section 1177, Crawford & Moses' Digest, reads as follows: "Section 1177. Where any action embraced in the preceding section is against a single defendant, the plaintiff shall not be entitled to judgment against him on the service of a summons in any other county than that in which the action is brought, unless he resided in that county at the commencement of the action, or unless, having appeared

therein, he fails to object, before the trial, to its proceeding against him.''

We think counsel have misinterpreted the purpose and effect of the sections of the act of 1917 above quoted. Section 4 of the act, appearing as § 6071, Crawford & Moses' Digest, does exempt appellant order and other fraternal benefit societies from all provisions of the insurance laws ''of this State, not only in governmental relations with the State, but for every other purpose and no law hereafter enacted shall apply to them unless they be expressly designated therein;'' but we think this means, as the title to act 462 indicates, that they are exempt from statutes ''pertaining to the regulation and incorporation'' of such associations, and not from laws regulating service upon corporations generally.

In the case of *Mutual Aid Union* v. *Blacknall*, 123 Ark. 377, 185 S. W. 465, it was insisted that the defendant, a mutual aid society, having its principal office and place of business in Benton County, had been improperly sued in Logan County. This insistence was based upon § 4348, Kirby's Digest, which provides that: ''The insurance laws of the State shall be so construed as not to apply in their operation and requirements to any mutual aid society or organization in this State.'' But, in overruling that contention, we said that the statute did not undertake to deal with the subject of service upon such mutual companies, and could not therefore be held to provide for a different manner in which such companies may be sued and served with process, and therefore the suit had been properly brought in Logan County.

Here the act of 1917 does to some extent deal with the question of service, but only to the extent of providing that such companies must agree, as a condition upon which they may be authorized to do business in this State, that service may be had as against them upon the Insurance Commissioner. It is not provided in the act of 1917 that such suits must be brought in the county where the Insurance Commissioner maintains his office. Indeed, many of these societies do not have their prin-

cipal offices in Pulaski County, the capital county of the State, where the Insurance Commissioner maintains his office. So, therefore in many cases, it would not be possible to sue such societies in the counties where they have headquarters and also obtain service in that county against the Insurance Commissioner, who maintains his office in another county. If suits can only be maintained in the county where service is had, then all suits would have to be brought in Pulaski County, for service cannot be had on the Insurance Commissioner elsewhere, even though the society had done no business in that county and had no office there.

We therefore conclude, as was said in the Blacknall case, *supra,* that the statute had not undertaken to deal with the question of service, and that it did not do so further than to provide that it should be had upon the Insurance Commissioner. The exemption of the act of 1917, as its title indicates, is limited to the regulation and incorporation of such societies.

It was not so expressly held in the case of *United Order of Good Samaritans* v. *Brooks,* 168 Ark. 570, 270 S. W. 955, but such was the effect of that decision. That was an appeal in which, as in the instant case, a motion had been filed to vacate a default judgment and to quash the service, and § 6092, Crawford & Moses' Digest, was invoked in support of the motions. It is true, the point there raised was that the summons was defective, but we held there had been no violation of the statute rendering judgment in Arkansas County, although we know, from an inspection of the record in that case, that the defendant, a fraternal benefit society, had its principal place of business in St. Francis County. The opinion in that case was delivered April 13, 1925, and the case arose subsequent to the passage of the act of 1917.

Now, it was held in the case of *Phillips* v. *Mosaic Templars of America,* 154 Ark. 173, 241 S. W. 869, that the provisions of § 6153, Crawford & Moses' Digest, did not apply to the certificates there in suit, which had been issued by a fraternal insurance society. Section 6153, Crawford & Moses' Digest, provides that suits arising

on policies of insurance may be maintained at any time within the period prescribed by law for bringing actions on promises in writing, and that any stipulation to the contrary in the policy should be void. It was there held that a limitation in a benefit certificate issued by a fraternal insurance society requiring suit to be brought within one year after the cause of action accrued was valid, notwithstanding the provisions of § 6153, because § 6071, Crawford & Moses' Digest, had exempted such societies from all insurance laws of the State regulating them unless they were expressly designated therein.

That holding is not in conflict with the view here announced, for the reason that § 6071 had exempted fraternal orders from the insurance laws of the State in the matter of their regulation in their dealings with their memberships, and the adoption of a rule by such societies and made a part of the certificates issued to their members was one of these regulations. It is not alleged here that appellant order had any regulations or rule prescribing the venue of suits brought against it, whereas in the Phillips case, *supra,* the fraternal order did have a limitation in its benefit certificates as to the time within which suits might be brought upon certificates issued by it.

We conclude therefore that the suit was properly brought in Jefferson County, and the defense now asserted should have been there interposed.

We are not unmindful that § 6092 has been amended by act 104 of the Acts of 1931 (Acts 1931, page 290), it being there provided that service had in conformity with § 6092 "shall be sufficient to give jurisdiction to the courts of the State, sitting in any county where such society has a local lodge, or where the death of the insured occurred, or where the beneficiary in the certificate or policy of insurance resides."

The act of 1931 is not a legislative construction of the act of 1917. Indeed, the act of 1931 may have been passed to put at rest the question raised in this suit, the judgment in which was rendered before the passage of the act—a question which does not appear to have been

previously raised in any of the many suits prosecuted against fraternal insurance societies, just as the instant case was.

The judgment is correct, and is therefore affirmed.