DETROIT FIDELITY & SURETY COMPANY *v.* PRIDDY.

Opinion delivered January 18, 1932.

*Horace Chamberlin,* for appellant.

*Bohlinger & Rollow,* for appellee.

McHANEY, J. Petitioner is a foreign corporation, organized under the laws of Michigan, engaged in the casualty, fidelity and corporate surety business, and is so engaged in this State in compliance with its laws, with a general agency in Little Rock. It has in compliance with the law designated the Insurance Commissioner of this State, domiciled in Little Rock, Pulaski County, as its agent for service of process. On June 26, 1931, Fred Burnett, Jr., filed a suit against it in the circuit court of Yell County, Arkansas, Dardanelle District, alleging

that prior to October 29, 1930, petitioner became surety for the completion of State Highway Project No. 4137 in Franklin County Arkansas; that subsequent to said date it took over the work of the principal, entered upon said work, became the principal contractor and completed same; that a part of the work to be done was the painting of a line down the middle of the highway constructed; that, after painting the line and in order to deflect traffic from the freshly painted line, it caused to be placed in the highway large rocks and neglected and failed to display warning lights for the safety of the public; that while riding along said highway as a guest in an automobile same was wrecked by coming in contact with one of said stones, and that he received painful injuries, for which he prayed damages in the sum of $2,990. Summons was issued on said complaint and service had on the Insurance Commissioner. On these facts petitioner alleges that the respondent as judge of the Yell Circuit Court has no jurisdiction to proceed in the premises for the reason that said court has no jurisdiction of the person of the petitioner and acquired none by service outside of Yell County. It states that it is not doing any business in Yell County, and that, it has no agent therein, and that, unless prohibited by this court, the respondent will proceed, assume jurisdiction of said cause, render judgment against it, and cause it irreparable injury, all in violation of the rights guaranteed to it by § 11 of article 12 of the State Constitution, and by the 14th Amendment to the Constitution of the United States wherein the equal protection of the laws are accorded it.

The respondent entered his appearance in this court, and agreed that he would take no action in the case pending in his court until this court passes upon this petition.

Petitioner did not appear in the Yell Circuit Court and object to the jurisdiction of the court, nor did it move to quash the service had upon it for lack of jurisdiction. The respondent, however, appears here and has filed a brief asserting his jurisdiction. The general rule is that objection to jurisdiction must be raised in

the lower court and overruled before the writ of prohibition will issue, but this rule is subject to certain exceptions. It has been held by this court that objection in the inferior court to its exercise of jurisdiction is not a jurisdictional fact upon which the power to issue the writ depends, but is discretionary and is not necessary where it would obviously be futile and would result in unnecessary or hurtful delay. *Monette Road Improvement District* v. *Dudley,* 144 Ark. 169, 222 S. W. 59. Also that where the respondent judge appears in response to the petition for prohibition and asserts jurisdiction of his court to proceed, it is unnecessary to await the making of formal objection in the court below. *Nissen* v. *Elliott,* 145 Ark. 540, 224 S. W. 958. See also *State* v. *Martineau,* 149 Ark. 237, 232 S. W. 609. We therefore follow these decisions and hold that it is unnecessary and would be futile to postpone the case for formal objection in respondent's court to the jurisdiction, since he now appears and asserts jurisdiction of his court to proceed.

The principal question to be decided is that of the jurisdiction of the Yell Circuit Court over the person of petitioner. The applicable statute is that relating to guaranty and surety companies. Section 6132, Crawford & Moses' Digest, provides that both domestic and foreign surety companies may transact a surety business in this State on compliance with this statute and not otherwise. Section 6133 provides: ''No surety company incorporated under the authority of this State, or of any other State or foreign country shall, directly or indirectly, transact business in this State until it shall have first appointed in writing a duly authorized agent in this State to be the true and lawful agent of such company in and for the State, upon whom all lawful process in any action or proceeding against the company, which said action or proceeding may be instituted in the county in which the plaintiff resides or has its principal office if a corporation, may be served with the same effect as if the company existed in this State. Said appointment of agency

shall stipulate and agree on the part of the company that any lawful process against the company which is served on said agent shall be of the same legal force and validity as if served on the company; and that the authority shall continue in force so long as liability remains outstanding against the company in this State. * * * Service upon such agent shall be deemed sufficient service upon the principal.".

Petitioner complied with the above statute, and has named the Insurance Commissioner as its agent for service, and service was had upon such agent. Was the service good? The plaintiff in the suit below is a resident of Yell County. It will be seen that the above statute makes no discrimination between foreign and domestic surety companies. Both are treated exactly alike. Neither can do any business in this State except upon compliance with said section. It therefore appears to us that this statute does not offend against § 11 of article 12 of our Constitution which provides that foreign corporations may do business in this State under such restrictions as may be provided by law, and, among other things, "as to contracts made or business done in this State, they shall be subject to the same regulations, limitations and liabilities as like corporations of this State." Nor does it offend against the equal protection clause of the 14th Amendment to the Constitution of the United States. Instead it provides for the equal protection of all surety companies, both domestic and foreign, and this is a proper classification, one within the power of the Legislature to make, as foreign surety companies are placed in the same class with "like corporations of this State."

The case of *Power Manufacturing Company* v. *Saunders*, 274 U. S. 490, 47 S. W. 678, is relied upon by petitioner as supporting its contention. We think the rule announced in that case has no application here, for the reason that no discrimination is made under this statute in favor of domestic corporations. It is true that petitioner is not engaged in business in Yell County, and that the injury for which the suit was brought was received in

Franklin County while petitioner was engaged in completing a highway for a person for whom it was surety. This was an incident of its surety company business. It had the authority under its contract to take over the work and complete it. In doing so, if it was guilty of negligence causing injury to another, an action thereon may be said to grow out of its business as a surety company. The statute provides that lawful process may be had upon it ''in any action or proceeding.'' We are therefore of the opinion that the action was properly brought in the county of the residence of the plaintiff, and that the service had does not violate any constitutional right of petitioner. Compare *Grand Court, etc.,* v. *Carter,* 184 Ark. 819, 43 S. W. 531.

The writ will be denied.