PACIFIC MUTUAL LIFE INSURANCE COMPANY *v.* TOLER.

4-3267

Opinion delivered October 23, 1933.

*Owens & Ehrman* and *John M. Lofton, Jr.*, for appellant.

*Melbourne M. Martin,* for appellee.

KIRBY, J., (after stating the facts). The writ of prohibition is the appropriate remedy where the inferior court has no jurisdiction over the person of the petitioner and can acquire none. *Caldwell* v. *Dodge,* 179 Ark. 235, 15 S. W. (2d) 391. It is a discretionary writ. *Merchants' & Planters' Bank* v. *Hammock,* 178 Ark. 746, 12 S. W. (2d) 421; *Galloway* v. *LeCroy,* 169 Ark. 838, 277 S. W. 35. It is never granted unless the inferior tribunal has clearly exceeded its authority, and the party applying for it has no other protection against the wrong that will be done by such usurpation. *Macon* v. *LeCroy,* 174 Ark. 228, 295 S. W. 31; *Dist. No. 20, United Iron Workers* v. *Bourland,* 169 Ark. 796, 277 S. W. 546; *Metzger* v. *Mann,* 183 Ark. 41, 34 S. W. (2d) 1069.

It is also true that no application for relief need be made to the lower court when such application would be futile, although, as a general rule, a writ of prohibition will not be issued to a lower court unless the attention of the court, whose proceedings it is sought to arrest, has been called to the alleged lack of jurisdiction, the

foundation of the rule being the respect and consideration due to the lower court and the expediency of preventing unnecessary litigation. *Monette Road Improvement Dist.* v. *Dudley,* 144 Ark. 169, 222 S. W. 59; *Detroit Fidelity Ins. Co.* v. *Priddy,* 185 Ark. 9, 45 S. W. (2d) 44.

Petitioner herein did file a motion, however, to dismiss the suit as beyond the jurisdiction of the court, alleging the plaintiff did not live in the county, etc. An affidavit was filed with the complaint stating that the plaintiff was a resident of Saline County; and, upon the motion being overruled, no objections appear to have been made or exceptions saved, the record entries showing: "Cause by consent set for trial September 8."

Petitioner insists that it had no other adequate remedy to protect its rights than by prohibition, since, had it filed an answer and proceeded to trial of the cause on its merits, it would have waived its right to apply for a writ of prohibition, and especially if it had appealed to this court upon an adverse judgment, it having been held frequently that an appeal in such cases is tantamount to an entry of appearance leaving the cause to stand for trial with the appearance of defendant entered at the next term after the decision of this court on appeal. *Order Railway Conductors* v. *Bandy,* 177 Ark. 694, 8 S. W. (2d) 448.

Petitioner had the right, of course, to appear for trial in Saline County, and, whether or not the complaint alleged facts that bring it within the provision of the statute, § 6150, Crawford & Moses' Digest, ("Venue is no part of a cause of action, and it is not usual, nor does it seem necessary, to aver the fact showing it." *Inter-Ocean Casualty Co.* v. *Copeland,* 184 Ark. 655, 43 S. W. (2d) 225), it could have waived its right to object by taking any substantial step in the defense of the cause, such as filing an answer, etc.; and certainly it could enter its appearance by coming into court and agreeing to the setting down of the cause for trial on a certain day as was done here.

The court did not err in overruling the motion to quash, and the writ of prohibition is denied.