[No. 9,122.   In Bank.—January 12, 1885.]

EUREKA LAKE AND YUBA CANAL COMPANY, CON-SOLIDATED, PETITIONER, *v.* THE SUPERIOR COURT OF THE COUNTY OF YUBA, AND PHIL. W. KEY-SER, THE JUDGE THEREOF, RESPONDENTS.

INJUNCTION—HYDRAULIC MINING—CORPORATION—NOTICE OF APPLICATION.— A corporation whose general, ordinary, and only business is that of min-ing by the hydraulic process, and of selling water to others to be used for a like purpose, may be temporarily enjoined upon an *ex parte* application, without notice to it, from depositing or discharging its mining debris in cer-tain streams, or from selling its water to others to be used for a purpose producing a like result.

ID.—FOREIGN CORPORATION—SERVICE OF SUMMONS.—Service of summons on a person designated by a foreign corporation as one upon whom process might be served, under the act of April 1, 1872, is a sufficient service on the corporation, so long as such designation remains unrevoked, although the service was made after the adoption of the Code of Civil Procedure, and on a person who was neither the agent, cashier, secretary, or other officer of the corporation.

ID.—PRELIMINARY INJUNCTION—SERVICE OF.—A preliminary injunction against a foreign corporation may be served by leaving with the agent designated to receive service of process a copy of the writ, showing the original, and explaining its contents, and delivering to him a copy of the complaint.

ID.—CONTEMPT—ORDER TO SHOW CAUSE—SERVICE ON ATTORNEY.—An order to show cause why a corporation should not be punished for contempt in violating an injunction, may be served on the attorney for the corporation in the injunction suit, when its managing agents conceal themselves for the purpose of avoiding service.

SUPERIOR COURT—JUDGE MAY HOLD COURT IN ANOTHER COUNTY.—A judge of the Superior Court of one county may hold court in another county at the request of the judge thereof.

APPLICATION for a writ of review.   The petitioner is a for-eign corporation, organized for the sole purpose of mining by the hydraulic process, and of selling water to others to be used for a like purpose.   On October 3, 1882, an action was com-menced in the Superior Court of Yuba county by the county of Yuba, to enjoin the petitioner from discharging or suffering to flow into the Yuba River, or any of its tributaries, any tailings or other refuse matter from its mines, and from selling to any other person or corporation any water to be used for a purpose producing a like result.   Immediately upon filing the complaint in the action, and without any notice given to the petitioner, and on an *ex parte* application, a preliminary injunction con-forming to the prayer of the complaint was granted.   For a vi-

olation of the injunction the petitioner was ordered to pay a fine of $250. The further facts are sufficiently stated in the opinion of the court.

*W. C. Belcher, J. K. Byrne, S. M. Wilson, W. T. Wallace,* and *Cope & Boyd,* for Petitioner.

The order of injunction is absolutely void, because it was made in violation of the statute, which forbids the making of such order without notice to the corporation of the application. (Code Civil Proc., § 531; 3 High on Inj., § 1185; Bainbridge on Mines, § 507; *Hilton* v. *Granville,* 5 Q. B. 701; *Gray* v. *Ohio & Pa. R. R. Co.,* 1 Grant, 412; *Baines* v. *Baker,* Amb. 159; *Earl of Ripon* v. *Hobart,* 3 Myl. & K. 169; *Weller* v. *Smeaton,* 1 Cox, Ch. R. 102; *Clavering* v. *Clavering,* 2 P. Wms. 389; *Atchison* v. *Peterson,* 20 Wall. 507; *Fellows* v. *Heermans,* 13 Abb. Pr., N. S. 1; *Town of Middletown* v. *Rondout & O. R. R. Co.,* 43 How. Pr. 144; *Lady Bryan G. & S. M. Co.* v. *Lady Bryan M. Co.,* 4 Nev. 414.) The act of April 4th, 1870, providing, in substance, that any corporation created by the laws of another state, and doing business in the state, shall designate some person residing in the county in this state in which the principal place of business of the corporation is, upon whom process may be served, has been repealed. (Civil Code, § 20; Code Civil Proc., §§ 18, 411; Political Code, § 18.)

The judgment of contempt is void, because the order to show cause why the petitioner should not be punished for disobeying the injunction was never served on it. The service on the petitioner's attorney was not sufficient. (Code Civil Proc., §§ 1212, 1015, 1016; Wills on Jurisdiction, § 193; Rapalje on Contempts, § 21; *Ex parte Edwards,* 21 Fla. 184; *In re Matoon,* 3 Lane, 408; *People* v. *Cowles,* 4 Keyes, 45; *Hawley* v. *Bennett,* 4 Paige Ch. 163; *People* v. *Spaulding,* 10 Paige Ch. 284; *Phillips* v. *Welch,* 11 Nev. 187; *New Orleans* v. *Steamship Co.,* 20 Wall. 392; *B. & O. R. R. Co.* v. *Wheeling,* 13 Gratt. 57; *Johnson* v. *Superior Court,* 63 Cal. 578; *Rutherford* v. *Holmes,* 5 Hun, 317.)

If personal service is, in the case of an individual, indispensable, it follows that service upon some one of the officers or agents

of the corporation charged with the commission of a criminal contempt is equally necessary, to give the court jurisdiction. The attorney at law in the civil action is not such agent. Service on him is not due process of law, and the order directing it is void, because in violation of Art. i., Sec. 13, of the State Constitution, and of Sec. 1 of the fourteenth amendment of the Constitution of the United States. (Cooley's Const. Lim., p. 397 ; *Dartmouth College Case*, 4 Wheat. 419; *Bank of Columbia* v. *Oakley*, 4 Wheat. 235 ; *Murray's Lessee* v. *Hoboken Land etc. Co.*, 18 How. 272.)

*S. M. Bliss, Stabler & Bayne, E. A. Davis*, and *I. S. Belcher*, for Respondent.

The injunction against the petitioner did not suspend its general and ordinary business; consequently, no notice of the application for injunction was necessary. (Code Civil Proc., §§ 963, sub. 2, 1068 ; *Golden Gate etc. Co.* v. *Superior Court*, 65 Cal. 187.) The service of the injunction on the person designated by the corporation as the one on whom service of process should be made, was sufficient service on the corporation, so long as such designation remained unrevoked. The statute authorizing such service has not been repealed. (Stat. 1871–72, ch. 566, 31; *Ely* v. *Holton*, 15 N. Y. 598 ; *C. P. R. R. Co.* v. *Shackelford*, 63 Cal. 261 ; *Kimball* v. *Alameda County*, 46 Cal. 19.) Such service is good, and gives personal jurisdiction to the defendant. (*Merchants' M'f'g Co.* v. *Grand Trunk Ry.*, 14 Rep. 390 ; *Pennoyer* v. *Neff*, 95 U. S. 714; *Crellin* v. *Ely*, 7 Sawy. 532.) Actual service of the injunction is not necessary in order to punish a violation thereof. (High on Inj., 2d ed., §§ 1421, 1424; *Ex parte Cottrell*, 59 Cal. 418, 421 ; *C. P. R. R. Co.* v. *Placer Co.*, 43 Cal. 368; *Golden Gate C. H. M. Co.* v. *Superior Court*, 65 Cal. 187.) The service of the order to show cause on the attorney for petitioner was sufficient. (*Albany City Bank* v. *Schermerhorn*, 38 Am. Dec. 553; 9 Paige, 372 ; *Pitt* v. *Davison*, 37 N. Y. 239; *Golden Gate C. H. M. Co.* v. *Superior Court*, 65 Cal. 187.)

MYRICK, J.—Certiorari, to review the proceedings of the respondent, in adjudging the petitioner guilty of contempt for disobedience of an injunction, and in imposing a fine.

1. The petitioner claims that all of the proceedings are void, under section 531, Code of Civil Procedure, the injunction having been granted without any previous notice to the petitioner. This point was considered by this court in *Golden Gate C. H. Co.* v. *The Superior Court of Yuba County*, 65 Cal. 187, and it was there held that the injunction did not suspend the general and ordinary business of the corporation, but only suspended its conduct of mining operations in a particular manner, alleged to injure the plaintiff in the action in which the injunction was issued. In the case before us, the petition states the business of the petitioner to be mining by the hydraulic process, and selling water to others to be used for a like purpose, and that such business constituted the general and ordinary, and *only*, business of the petitioner. The injunction commanded the petitioner, its officers, agents, superintendents, managers, servants, and employees, to desist and refrain from depositing in, or suffering to flow into, the channel or bed of certain streams or their tributaries any tailings from its hydraulic mines, or any material discharged from said mines, commonly called "mining debris," and from selling to others, or suffering or permitting others to use, any portion of its waters for the purpose of washing by the hydraulic process the banks or bottoms of any other mine or mining ground into beds or channels of said streams, or their tributaries. For the reasons stated in the opinion above referred to, we are of opinion that the granting of the injunction in this case was not in conflict with the section of the code cited.

2. On the 15th of November, 1872, the petitioner, in compliance with the requirement of the act of April 1, 1872, filed in the office of the secretary of state an instrument designating one Allenburg as the person upon whom process might be served. On the 29th of March, 1880, the petitioner, having removed its principal place of business from Nevada county to San Francisco, filed in the office of the secretary of state an instrument designating David Cahn, of the latter place, as the person on whom the process might be served. In the action in which the injunction was issued, the summons was served by the sheriff of the city and county of San Francisco, on the 9th of November, 1882, by delivering a copy of the same, together with a certified copy of the complaint, to the said David Cahn.

On the motion of petitioner to set aside the return of service of summons, affidavits were read in support of the motion, to the effect that at the time of the service one A. S. Bigelow, of the county of Nevada, was its managing agent, and said Cahn was not, and had not been for more than a year prior thereto, the agent, cashier, secretary, or other officer of the petitioner. In regard to this point, it is sufficient to say that the petitioner had, under the statute of April 1, 1872, designated Cahn as the person upon whom process might be served, and such designation had not been revoked at the time of service. This designation was made after the amendment of 1874 to section 411, Code of Civil Procedure, and the petitioner could not be heard to say, in the suit for injunction, that Cahn was not the proper person, as designated in subdivision 2 of said section 411. The act of April 1, 1872, was not repealed by the codes; the codes were approved March 12, 1872, and with relation to laws passed at that session, were to be construed as though each had been passed on the first day of the session. (Pol. Code, § 4478.) That being the case, there is nothing inconsistent in the two acts. By section 411, Code of Civil Procedure, the process is to be served on some one of certain officers; the act of April 1, 1872, requires the corporation to designate who is the person. The service was sufficient. To hold otherwise, would be to permit a foreign corporation to set at defiance all processes.

3. The writ of injunction was served November 9, 1882, by the sheriff of the city and county of San Francisco, by leaving with the said David Cahn a copy of the writ, and showing the original, and explaining its contents, and delivering to him a copy of the complaint and verification. The service was sufficient.

4. An alleged violation of the injunction occurred on the 29th of December, 1882. The defendant having, in its motion to set aside the service of summons, filed affidavits that A. S. Bigelow was its managing agent at its works, the court, January 20th, 1883, made an order to show cause for the alleged violation, and directed that it be served on A. S. Bigelow, managing agent, or on David Cahn, the person designated as aforesaid. On the 3d day of March another order to show cause was made, and was served on Cahn. Subsequently still another

order was made, and directed to be served on either Bigelow or Cahn. This could not be served on Cahn, as the person attempting to make service could not find him, and was informed that he was then in New York. The sheriff of Nevada county and another person went at different times to the works of the defendant and to its office, and to the residence of Bigelow, for the purpose of serving him, and endeavored to find him, but could not; and the court, after hearing the affidavits tending to show that Bigelow was concealing himself for the purpose of avoiding service, made another order to show cause, and directed that it be served on one of the attorneys for the defendant. Service was accordingly made.

It is objected that this service did not give the court jurisdiction to proceed against the defendant as for a contempt. We refer to the opinion above mentioned as being peculiarly applicable to the facts appearing in this case. The evident intention of the defendant and its management was to avoid the service of process. We are not disposed, nor are we at liberty, to sanction the carrying of such intention into effect.

We make use of the present occasion to say that questions of state policy, or of the rights of communities or individuals, are not to be determined, or determination avoided, by the use of such means as appear to have been resorted to in this case.

5. The Judge of the Superior Court of Colusa county, at the request of the Judge of the Superior Court of Yuba county, held the court a portion of the time during which the proceedings were had. We see no error in this. The constitution (§ 8, art. vi) expressly authorizes a Judge of one county to sit at the request of a Judge of another county.

We see no excess of jurisdiction.

The orders are affirmed.

McKEE, J., ROSS, J., McKINSTRY, J., and SHARPSTEIN, J., concurred.

Rehearing denied.