[Sac. No. 819. In Bank.—April 26. 1902.]

## ALICE T. BAKER, Respondent, v. ROCK BAKER, Appellant.

DIVORCE—ALIMONY—DEEDS OF GIFT TO CHILDREN DURING FORMER MARRIAGE.—Deeds of gift made by a husband and his first wife, who joined therein, to their children, passed title to them which cannot be questioned by a second wife in an action by her for divorce; and the property so conveyed cannot be subjected to an order for alimony and counsel fees in such action.

ID.—EX PARTE ORDER FOR ALIMONY.—An *ex parte* order for the payment of alimony in an action for divorce, made prior to the service of summons in the action, and without notice of the application for the order, is unauthorized and void.

ID.—PROCEEDING FOR SEPARATE JUDGMENT—DUE PROCESS OF LAW— OPPORTUNITY TO BE HEARD.—An application for alimony, though not a separate suit, is a proceeding for separate judgment, independent of the final judgment in the case, and is appealable. In order to due process of law in obtaining the separate judgment for alimony, there must be a hearing or an opportunity to be heard.

APPEAL from orders of the Superior Court of Tuolumne County allowing alimony and counsel fees and refusing to vacate said order.  G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

J. P. O'Brien, for Appellant.

J. B. Curtin, for Respondent.

VAN DYKE, J.—This is an appeal from an order requiring the defendant in said action to pay the plaintiff the sum of three hundred dollars as counsel fee and alimony, *pendente lite,* and from an order refusing to vacate and set aside said order entered on the twenty-seventh day of November, 1899, and requiring the defendant to pay the said sum as alimony and counsel fee within two days after the service of said last-mentioned order, of date December 8, 1899.  The action was commenced November 27, 1899, for a divorce upon the ground of extreme cruelty, and upon filing the complaint the court made an order, *ex parte,* requiring the defendant to pay the plaintiff two hundred and fifty dollars alimony and fifty dollars attorney fee, within five days, which is the first order appealed from.  On December 4, 1899, the defendant filed a verified answer, denying the material allegations of the complaint, and averring that he was possessed of no property except some personal property, the value of which did not exceed five hundred dollars, and that his income did not exceed twenty-five dollars a month.  The defendant also, with his answer, served notice of a motion to vacate the said order for alimony and counsel fee, upon the grounds, among others, that the said order was made without notice to defendant, and that the defendant had not the means to pay the amount directed to be paid by said order.  At the hearing of defendant's motion to vacate the *ex parte* order for alimony, evidence was introduced, parol and documentary, from which it appears that the defendant, with his former wife, on July 31, 1897, conveyed all his real estate to his two sons and a daughter.  The first wife, who joined in these deeds of conveyances, thereafter died, and defendant and plaintiff herein were married June 29, 1899.  The conveyances to the sons and daughter were by way of gift, there being no monetary

consideration. It appeared from the testimony that there-
after, when any real estate was sold, the defendant joined in
the deeds with the children, the purchaser requiring it, and
that the same had been assessed to him after the conveyance
as it had been before, as he had not told the assessor that the
ownership had been transferred. There is no evidence or
pretense that the conveyances were made in fraud of the plain-
tiff's right, or in anticipation of the marriage of plaintiff
with defendant, nor could there well be, as his former wife
was still living, who joined in the conveyances. The transfer
of title to the children, therefore, was good, and could not be
questioned, unless by his creditors, at the time of or before
notice of such conveyances. Aside from the real estate
which had been so conveyed to the children, it appeared on the
hearing that the defendant was possessed of only a small
amount of personal property, consisting of some cows, horses,
and wagons, and old farming implements of the value of about
four hundred and seventy dollars, and which he testified he
did not think could be sold at forced sale for more than three
hundred dollars.

The *ex parte* order was unauthorized and void, as the court
had not acquired jurisdiction over the person of the defend-
ant at the time it was made, as there had been no service of
process in the action or notice of the application for the order.
The respondent seems to rely upon section 137 of the Civil
Code, which provides that while an action for divorce is pend-
ing the court may, in its discretion, require the husband to
pay as alimony any money necessary to enable the wife to
support herself or her children, or to prosecute or defend the
action, and upon section 350 of the Code of Civil Procedure,
which declares that ''an action is commenced, within the
meaning of this title, when the complaint is filed.'' Although
the action is commenced by the filing of the complaint as
stated, and may be considered as pending for certain purposes,
such as stopping the running of the statute of limitations, yet
it cannot be said as pending so as to affect the right of any
party who has not been served with process or brought into
court. The application for alimony, though it cannot be con-
sidered as a separate suit, is a proceeding for separate judg-
ment, which, when granted, has nothing to do with the final
judgment in the case, and will not be affected by it. It is a
final judgment from which an appeal may be taken. (*Sharon*

v. *Sharon,* 75 Cal. 1; *Hite* v. *Hite,* 124 Cal. 389.[1])   No valid order or judgment affecting a person or his property can be rendered against him without a hearing or an opportunity to be heard.   This is a rule of law so well understood as to be elementary, at least since the·famous Dartmouth College case. As said in *Hite* v. *Hite,* 124 Cal. 393:[1]   "To satisfy the requirement of due process of law it is not always necessary that such trial should be afforded as is had in ordinary suits in courts of justice.   The hearing allowed must be such as is practicable and reasonable in the particular case. . . . Cooley says, 'the opportunity to be heard must be such as the settled maxims of law permit and sanction, and under such safeguards for the protection of individual rights as these maxims prescribe for the class of cases to which the one in question belongs.'   It has been the practice to determine as to the allowance of temporary alimony upon motion with notice and upon affidavits.   The defendant is thereby afforded an opportunity to be heard."   In this case, however, as shown, the first order was made without any notice to the defendant or opportunity to be heard.   Expressions may be found in some of the cases that such orders may be made *ex parte,* but it will be found that such expressions were not necessary to the decision of the case, and cannot be considered as authority.   In refusing to vacate the *ex parte* order it is recited: "That defendant is abundantly able and has ample means with which to comply with the aforesaid order."   This would seem to imply that the court held that the real estate previously conveyed by defendant to his children was still his property, for · the reason that the personal property was of small value and barely sufficient to pay the amount awarded as alimony and counsel fee.   For the reasons stated, the property conveyed to the children was not subject to the order for alimony in this case, and in view of the small amount of property at the time owned and subject to the disposal of the defendant, the amount awarded as alimony and counsel fees is excessive, and practically strips the defendant of all the property over which he has control.

The orders appealed from are reversed.

Harrison, J., Temple, J., and Garoutte, J., concurred.

[1] 71 Am. St. Rep. 82.