[Civ. No. 1319.    Third Appellate District.—December 21, 1914.]

# LEWIS SCHONTZ KEELEY, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF NEVADA, Respondent.

ACTION FOR DIVORCE—DISQUALIFICATION OF JUDGE—VOID ORDER TRANS-FERRING ACTION—ABSENCE OF MOTION OR NOTICE.—In a suit for divorce, where the court denied the application but awarded the custody of the minor child to plaintiff, and thereafter a petition was filed for a modification of the order relative to the custody of the child, an order of the court in which the action was pending trans-ferring the same to the superior court of another county on the ground that the judge of the former court was disqualified by reason of his relationship to one of the attorneys in the case, was in excess of jurisdiction and void, where no motion was made for the same by either party or notice given therefor.

ID.—CHANGE OF PLACE OF TRIAL—APPLICATION FOR ESSENTIAL.—A change of place of trial can only be effected through an order of the court after its judicial action has been invoked, by bringing the mat-ter on for hearing, where the right of the party to transfer can be contested by the other side; and the court must be applied to for an order of transfer.

ID. — DISQUALIFICATION OF JUDGE — METHODS FOR CALLING QUALIFIED JUDGE.—It does not follow that a disqualified judge is compelled to try the cause if no motion is made for a transfer or if the parties do not consent thereto; in such contingency a qualified judge may be called to hold an extra session, or the governor may designate an unbiased judge of another county for the particular case.

ID.—PROHIBITION—FAILURE TO APPLY TO TRIAL COURT FOR RELIEF—WHEN UNNECESSARY.—In such a case, prohibition will lie unless some adequate remedy is clearly available; and although ordinarily the petitioner should first appear in the court to which the case was transferred and object to any proceedings in the matter on the ground that the court has no jurisdiction of the cause, a writ of prohibition will be issued by the appellate court in a case where that course was not pursued, where it appears from the return of the respondent contesting the sufficiency of the petition that the trial judge does not agree with the petitioner and that the course sug-gested would be unavailing.

APPLICATION for a Writ of Prohibition originally made to the District Court of Appeal for the Third Appellate Dis-trict to restrain the respondent from proceeding to hear a certain proceeding growing out of a divorce suit.

The facts are stated in the opinion of the court.

Tuttle & Tuttle for Petitioner.

J. M. Walling, for Respondent.

BURNETT, J.—The application is for a writ of prohibition to restrain respondent from trying a certain proceeding growing out of the trial of the action of "Dora Alice Keeley, Plaintiff, *v.* Lewis Schontz Keeley, Defendant." From the petition it appears that said action was begun in the superior court of Placer County, having for its object a judgment of divorce and the custody of the minor child of said parties. An answer and cross-complaint was filed by defendant seeking similar relief for himself. One W. J. Prewett, the son of Hon. J. E. Prewett, judge of said superior court, appeared in said action as attorney for plaintiff.

Thereafter Hon. Wm. M. Finch, judge of the superior court of Glenn County, was requested by Judge Prewett to preside at the trial of said cause and the latter set the time for said trial. The case was duly tried by Judge Finch and judgment was rendered denying a divorce to each party, but granting to plaintiff the custody of said minor child, providing, however, that the child should be allowed to visit and remain with the mother of defendant four months in each year. The petition further alleges: "That thereafter, on the 24th day of July, 1914, there was served and filed in said action by plaintiff a petition for an order modifying the above mentioned judgment relative to the custody of said minor child, said petition being made by the plaintiff in said action of Keeley *v.* Keeley, and J. M. Walling appearing as sole attorney for petitioner therein, and the said W. J. Prewett did not appear in said petition as attorney or in any other manner, and never has appeared in said action after the entry of said judgment as aforesaid"; that an order to show cause was made by Judge Finch and set for hearing on September 28, at 10 o'clock A. M., in the superior court of said Placer County, and said order was duly served and filed. On July 24, Judge Prewett also made an order setting said petition for hearing at the same time and place. Thereafter, on August 29, he made the following order:

"Keeley *v.* Keeley.

"In this case it is made to appear to this court that the judge thereof is disqualified under the law from further acting herein,

"It is further made to appear to this court that a proceeding regarding the same subject-matter is now pending in the superior court of the county of Nevada, state of California,

"It is further made to appear to the court that the county seat of Nevada County is much nearer to the residences of the respective litigants than any county seat of any other county.

"It is therefore ordered, adjudged and decreed that the aforesaid cause be and the same is hereby transferred to the superior court of the county of Nevada, state of California; and the clerk of this court is hereby directed and requested to transmit to said superior court of said Nevada County all the records and files in said case."

Having alleged that the clerk obeyed said order, the petition proceeds: "That no motion or any application whatever was made, or ever has been made for or in respect to said last mentioned order, nor was any motion made by either party to transfer said action to the superior court of Nevada County, or any other county; that no request was made by plaintiff to transfer said action to any court; that defendant is informed and believes, and therefore alleges it to be a fact that said order was made without the knowledge of any of the parties or attorneys in said action, and that none of the said parties or attorneys in said action knew or had any intimation whatever that said order would be made, but on the contrary all of said parties were prepared to proceed with the hearing of said petition before said Honorable William M. Finch, Judge as aforesaid, on September 28, 1914, at 10 o'clock A. M., in the superior court of Placer County.

"That neither defendant nor his attorneys ever at any time agreed or stipulated that said action should be transferred to the superior court of Nevada County, or any other county, nor was the said matter ever presented to their notice or consideration, nor was any opportunity afforded either party to agree or disagree to the transfer of said action to any court. . . .

"That there are not now, nor ever have been proceedings regarding the same subject-matter pending in the superior court of Nevada County, and the matter of the custody of

said minor child has never been presented to said superior court of Nevada County in any manner. . . .

"That said Honorable William M. Finch is now, and during all the times herein mentioned was qualified to preside in and try said cause, and all matters connected therewith, and your petitioner is informed and believes, and therefore alleges it to be a fact that said Honorable William M. Finch is ready and willing to hear said petition at the time and place set for the same, and to proceed with the determination of all matters pending in said action."                                        '

A demurrer and an answer have been filed herein by respondent. None of the allegations of said petition is denied, however, except as to the disqualification of Judge Prewett, it being alleged that he was and is disqualified by reason of his son's connection with the case. The answer also sets forth "that said petitioner, Lewis Schontz Keeley, has not appeared in said superior court of Nevada County at any time, nor has any application been made to, or objection presented in this court to the court proceeding to hear and determine the matter presented or questioning the jurisdiction of this court in said matter," and furthermore, "that no application has at any time been made to the superior court of Placer County, or the judge thereof, asking for a revocation of the order of transfer set forth in the petition herein."

There seems to be no question that the order transferring said cause to the superior court of Nevada County was without authority and entirely void. In *Bohn* v. *Bohn,* 164 Cal. 536, [129 Pac. 983], discussing a change of the place of trial, the supreme court said: "The change can only be effected through an order of the court after its judicial action has been invoked, by bringing the matter on for hearing, where the right of the defendant to the transfer can be contested by the plaintiff. The court must be applied to for an order of transfer."

In the more recent case of *In re Burch,* 168 Cal. 18, [141 Pac. 813], it is said: "It may be contended that section 398 of the Code of Civil Procedure, alone applies to the motion here considered and that the notice contemplated by section 397 of that code is not necessary. Subdivision 4 of the latter section indicates, however, that the legislature intended such notice to be given. *Livermore* v. *Brundage,* (64 Cal. 299, [30 Pac. 848]), does not hold that such a motion need not

be noticed at all. It merely decides that the judge who is disqualified need not be served.''

Of course, it does not follow that a disqualified judge is compelled to try the cause if no motion is made for a transfer or if the parties do not consent thereto. In such contingency the course for him to pursue is pointed out in said Burch decision in the following language: ''In *Imperial Land Co.* v. *Imperial Irrigation District,* 166 Cal. 491, [137 Pac. 234] this court suggested two methods whereby a qualified judge may be secured to preside at a trial in a county in which the only resident judge of the superior court is disqualified—one by calling a judge to hold an extra session; another by securing from the governor a designation of an unbiased judge from another county for the particular case.'' In the present instance, as the petition shows, there was a qualified judge from another county ready and willing to proceed with the hearing. The order in question having been made without motion or notice was, therefore, in excess of jurisdiction and void and it could, manifestly, confer upon the superior court of Nevada County no authority to hear the cause.

It is therefore a case for prohibition unless some other adequate remedy is clearly available.

There is force in the suggestion of respondent, in this connection, that petitioner should appear in the court below and object to any proceeding in the matter on the ground that the court has no jurisdiction of the cause, the inference being that the court would adopt petitioner's view and decline to proceed further. As to this, it is said, in *Baughman* v. *Superior Court,* 72 Cal. 576, [14 Pac. 208]: ''It may be added that the petitioner does not distinctly show that objection was made to the proposed action of the superior court on the ground that it would be beyond jurisdiction. It has been repeatedly held here that prohibition will not go from this court unless the attention of the court whose proceedings are sought to be arrested has been called to the alleged excess of jurisdiction. (*Southern Pacific R. R. Co.* v. *Superior Court,* 59 Cal. 475.)''

Ordinarily, no doubt, such course should be pursued, but in this proceeding an order to show cause was issued and from the return of respondent contesting the sufficiency of the petition, we think it is fairly inferable that the learned trial

judge of Nevada County does not agree with petitioner and that the course suggested would be unavailing.

At any rate, we have some discretion in the matter and believing as we do that respondent has no jurisdiction, we think the simplest and most satisfactory course is to issue the writ, assuming that respondent will direct the records to be returned to Placer County. The latter court, no doubt, upon the proper motion being made, will set aside its former order and set the cause down for trial.

It is ordered that the peremptory writ issue.

Chipman, P. J., and Hart, J., concurred.