[Civ. No. 4074.  Second Appellate District, Division One.—February 3, 1923.]

EDWARD WILLIAMS, Respondent, v. ELIZABETH JANE WILLIAMS et al., Appellants.

[1] JUDGMENT — CONSTRUCTIVE SERVICE—JURISDICTION.—The superior court is without jurisdiction in an action to set aside a deed to render a money judgment against a defendant who was served by publication of the summons and never made any appearance in the action, although she was present at the trial and testified therein.

[2] TRUST—BREACH—WITHDRAWAL OF BANK FUNDS—LOAN TO THIRD PARTIES.—Where a man prior to his marriage consented and arranged that his future wife might draw checks upon his bank account, her withdrawal of money and the loan thereof to her son and daughter-in-law was a breach of trust and the latter were liable to him for the amount received.

[3] ID.—PURCHASE OF LOT—CONVEYANCE TO THIRD PARTIES—PROCEEDS OF SALE.—Where a man prior to his marriage authorized his future wife to draw checks upon his bank account, and she withdrew money to purchase a lot which he had instructed her not to purchase until further advised, taking the title thereto in her own name, and thereafter conveyed the lot to her son and

daughter-in-law without consideration, the latter were chargeable to him with the proceeds obtained from the sale of the property.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Jarrott & Jarrott for Appellants.

Fred E. Peterson for Respondent.

CONREY, P. J.—By its judgment the court declared null and void two deeds, the first being a deed whereby the defendant Williams (then Elizabeth Jane Cole) conveyed to the defendant Walter M. Cole lot 114 of the Crestmore Tract, in the county of Los Angeles, and the second being a deed whereby the defendant Williams conveyed to the defendants Cole the same property. The judgment further provides that the plaintiff shall thereby have and recover from defendant Williams a stated sum of money, of which amount the sum of $675.28 is declared to be a lien on said lot 114. It is further provided that the plaintiff recover from the defendants Cole the sum of $1,375 and costs, and that if said sum of $1,375 be paid by either of the defendants, the judgment against defendant Williams is to be reduced and satisfied *pro tanto*. The defendants appeal from the judgment and the record consists of the judgment-roll.

As appears from the findings, the said sum of $675.28 is not a part of the judgment rendered against defendants Cole. It is made a lien upon lot 114, solely because of certain facts which the court deemed to be in equity sufficient to create a lien therefor upon said lot 114 by reason of the circumstances under which said sum of $675.28 was expended for the benefit of that lot by the defendant Williams out of funds belonging to the plaintiff. The decree attempting to establish said lien and declaring void the said deeds is therefore wholly dependent upon the validity of the personal judgment rendered against the defendant Williams.

[1] The judgment against the defendant Williams is a default judgment based upon constructive service of process

against the said defendant. Upon affidavits showing that Mrs. Williams was then residing in the state of Washington, the court made an order for publication of summons against her. Upon proof of publication of the summons and of mailing of copy of the summons and complaint, the default of said defendant was duly entered. She has never made any appearance in the action, although the findings state that she was present at the trial and testified therein. The case was being tried upon the complaint and the answer of the defendants Cole. The facts thus found and shown by the record were not sufficient to give the court jurisdiction to render a personal judgment against said defendant.

The plaintiff and the defendant Williams were married on the twenty-third day of December, 1918, and ever since have been husband and wife. Prior to their marriage the plaintiff consented and arranged that the defendant Williams, then Elizabeth Jane Cole, might draw checks upon his bank account. The said sum of $675.28 is made up of sums drawn out by the defendant Williams under the authority thus obtained by her. On October 11, 1917 (which, it will be noted, was prior to the marriage), said defendant withdrew $400 and paid it on account of a mortgage on said lot 114, Crestmore Tract, which she then claimed to own. The remainder of said $675.28 the court finds was thereafter withdrawn from plaintiff's separate funds and applied in part to pay taxes on said lot and in part to pay interest on said mortgage. The court finds "that defendant Elizabeth Jane Williams advised plaintiff that by reason of their marriage relations plaintiff had an interest in said lot 114, Crestmore Tract, and that the said payments were being made for the benefit of plaintiff and defendant Elizabeth Jane Williams." But the court finds that it is not true, as alleged in the complaint, that Mrs. Williams proposed or agreed to transfer to plaintiff an undivided one-half interest in said lot. It may well be doubted whether, under these circumstances, the loan thus made by the plaintiff to said defendant, unaccompanied as it was by any mortgage, would have been sufficient to impose a lien on the lot. At all events, the decree attempting to give force to such lien is void for the reasons heretofore stated.

[2] Turning now to the judgment against the defendants Cole, $175 thereof consisted of money withdrawn from said

bank account by Mrs. Williams and by her loaned to said defendants Cole. In view of the fact that on account of his confidence and trust in the defendant Mrs. Williams, she had been given the above-stated authority to withdraw funds from plaintiff's account, the court was justified in finding that it was a breach of trust for her to withdraw such funds and lend them to her son and daughter-in-law. The defendants Cole, having received the money of the plaintiff under these circumstances, are properly held liable to him therefor.

[3] This leaves for consideration only the further award to the plaintiff of judgment against the defendants Cole in the sum of $1,200. As found by the court, the facts are that the plaintiff and the defendant Williams, prior to their marriage, negotiated for the purchase of a certain lot 136 of the Miramonte Tract in the county of Los Angeles; that the plaintiff, however, instructed the defendant not to purchase said property until further advised by him; nevertheless, that the defendant, without the knowledge of the plaintiff, withdrew from the funds of plaintiff in the bank the sum of $400 to pay as first payment on said lot and negotiated to purchase the property, taking the title thereto in her own name. Thereafter, defendant Williams, with intent to defraud the plaintiff of his rights in said property, transferred the same to the defendant Hattie M. Cole, who sold the property for the sum of $3,200, being a net profit of $1,200 on the purchase price. The conveyance by defendant Williams to Mrs. Cole was without consideration, and the defendants Cole received the money which she obtained by selling said lot. The money so received was part of the purchase price thereof, less a mortgage of $1,500, which was assumed by the purchaser. The circumstances attending the purchase of this property, according to the facts as found by the court, were such as to create a resulting trust in favor of the plaintiff as against the defendant Williams. The defendants Cole having acquired the title without consideration, it was subject to that trust. Having by these transactions acquired the proceeds of the misapplied funds of the plaintiff, they were chargeable with the sum thus obtained.

The judgment is modified by striking therefrom that part thereof which reads as follows: "That the deed from Eliza-

beth Jane Cole to Walter M. Cole, dated August 3, 1916, for the property described as lot 114 of the Crestmore Tract, as per map recorded in book 7, page 72 of maps, records of Los Angeles county, California, is, and the same is hereby declared to be, null and void and of no effect. That the deed from Elizabeth Jane Williams to Walter M. Cole and Hattie M. Cole, dated January 23, 1920, for the property described as lot 114, Crestmore Tract, as per map recorded in book 7, page 72 of maps, records of Los Angeles, California, is, and the same is hereby declared to be null and void and of no effect. That the plaintiff do have and recover from the defendant, Elizabeth Jane Williams, the sum of $2,481.79, and costs, $79.90, herein incurred, of which sum the sum of $675.28 is hereby declared to be and made a lien upon the property described as lot 114 of the Crestmore Tract, as per map recorded in book 7, page 72 of maps, records of Los Angeles County, California.'' The judgment is further modified by striking therefrom that part thereof reading as follows: ''and if said sum of $1,375 is paid by or made out of either defendants herein the judgment against defendant Williams is to be decreased and reduced and satisfied *pro tanto.*'' This leaves in effect all other parts of the judgment, including that part of the last paragraph thereof, reading as follows: ''That the plaintiff do have and recover from the defendants, Walter M. Cole and Hattie M. Cole, the sum of $1,375, and costs, $79.90, herein incurred.''

As thus modified, the judgment is affirmed. Appellants are awarded their costs of this appeal.

James, J., and Houser, J., concurred.