[Civ. No. 5583. Second Appellate District, Division One.—February 17, 1927.]

CHARLES SPENCER CHAPLIN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] APPEARANCE—DIVORCE—MOTION FOR ALIMONY AND COUNSEL FEES — PRESENCE IN COURT OF ATTORNEY FOR HUSBAND. — The mere presence in court, at the hearing of a wife's motion for alimony and counsel fees and costs, of an attorney (who afterward represented the husband) either as a spectator or in the capacity as counsel for another defendant in the divorce action, did not constitute an appearance for the husband.

[2] ID.—NOTICE OF PENDENCY OF ACTION — PROCESS.—The fact that a husband must have had notice of the pendency of a divorce action

———

1. See 2 R. C. L. 325; 3 Cal. Jur. 4.
2. See 21 Cal. Jur. 476.

against him because of the alleged evasion of service of process upon him and the publicity through the medium of the press and the radio, and the probability of the receipt by defendant of private letters and telegrams concerning the pendency of the action against him, is not the equivalent of service of process on him or of his voluntary appearance in the action.

[3] ID.—ORDERS AWARDING ALIMONY AND COUNSEL FEES — "UNCLEAN HANDS" OF HUSBAND — PROHIBITION. — The defendant husband is not guilty of having "unclean hands" in seeking by writ of prohibition to restrain further proceedings under orders awarding alimony and attorney's fees to the wife in a divorce action, where he has never been served with summons nor made an appearance in the divorce action.

[4] PROHIBITION—GENERAL RULE — EXCEPTION — REMEDIES. — It is a general rule that prohibition will not lie where the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law; and the exception to such rule is that although the order or the judgment to which exception is taken by the person upon whom it operates may be appealable and thus come within the general rule which forbids the issuance of a writ of prohibition, nevertheless, if in the circumstances of a given case it may be clearly discernible that such a remedy will not properly subserve the ends of justice by affording the relief to which the petitioner may be entitled, the fact that, ordinarily speaking, the remedy is "plain, speedy and adequate" will present no obstacle to the issuance of the writ.

[5] ID.—DIVORCE—AWARD OF ALIMONY, ETC., TO WIFE—APPEARANCE — PROCESS — REMEDIES. — A defendant husband, who has not been served with summons nor appeared in a divorce action against him, may have his remedy by writ of prohibition to restrain further proceedings under orders awarding alimony to his wife for the support of herself and minor children and allowing her attorney's fees and costs, without appealing from such orders or making a motion in the trial court to vacate said orders.

[6] ID.—RELIEF FROM TRIAL COURT—FUTILE APPLICATION—PLEADING.— An application for the writ of prohibition will be granted in a proper case where from the return of the respondent it appears that the trial judge does not agree with the petitioner and that an application to him for an order vacating the order to which exception was taken would be unavailing.

---

4. When writ of prohibition lies, notes, 12 **Am. Dec.** 604; 18 **Am. Dec.** 238; 111 **Am. St. Rep.** 929. See, also, 22 **R. C. L.** 11; 21 **Cal. Jur.** 584.

[7] DIVORCE—ALIMONY — COUNSEL FEES — VOID ORDERS — PROCESS — APPEARANCE.—Orders made in a divorce action awarding the wife alimony for the support of herself and minor children and money for attorneys' fees and costs are void, in the absence of service of process on the husband, or of his legal appearance in the action.

(1) 4 **C. J.**, p. 1329, n. 56, p. 1330, n. 61.    (2) 19 **C. J.**, p. 102, n. 5.    (3) 21 **C. J.**, p. 186, n. 43 New.    (4) 32 **Cyc.**, p. 617, n. 16. (5) 32 **Cyc.**, p. 614, n. 2.    (6) 32 **Cyc.**, p. 624, n. 61.    (7) 19 **C. J.**, p. 209, n. 85.

PROCEEDING in Prohibition to prevent the Superior Court of Los Angeles County from taking further proceedings under orders awarding alimony and counsel fees. Walter Guerin, Judge. Writ granted.

The facts are stated in the opinion of the court.

Gavin McNab, Loyd Wright, Nat Schmulowitz and Charles E. Millikan for Petitioner.

Edwin T. McMurray, Young & Young, Milton K. Young, Lyndol L. Young, William R. Young and L. R. Brigham for Respondents.

HOUSER, J.—Petitioner prays for an order of this court directing and commanding each of the respondents herein to desist and refrain from further proceedings under three several orders as set forth in the petition and heretofore issued out of the Superior Court in and for the County of Los Angeles in a suit for divorce then pending therein between Lillita Louise Chaplin and Charles Spencer Chaplin, wherein and whereby in effect W. I. Gilbert and Herman Spitzel, as receivers theretofore appointed in said action, and Charles Spencer Chaplin, the defendant therein, were ordered to pay for the support and maintenance of Lillita Louise Chaplin (the wife of said Charles Spencer Chaplin) and the two minor children of said parties the sum of $8,000 forthwith, the further sum of $4,000 on the seventeenth day of February, 1927, and a like sum of money on the fifteenth day of each

7. Power to decree alimony where defendant not personally served with process, notes, 2 Ann. Cas. 819; 14 Ann. Cas. 362. See, also, 1 R. C. L. 884; 1 Cal. Jur. 949.

and every month thereafter pending the final determination of said suit for divorce; and in addition thereto, that said Charles. Spencer Chaplin pay forthwith to said Lillita Louise Chaplin the sum of $6,400 on account of attorneys' fees, costs, and expenses to enable said Lillita Louise Chaplin to prosecute such divorce suit.

It is the contention of petitioner that neither prior to the issuance of either or any of said orders nor since said time or times had the trial court jurisdiction of the person of the defendant in said suit for divorce, and consequently that each of said orders is void.

Section 1917 of the Code of Civil Procedure provides that: "The jurisdiction sufficient to sustain a record is jurisdiction over the cause, over the parties, and over the thing, when a specific thing is the subject of the judgment."

No question is here raised regarding the jurisdiction of the Superior Court, excepting as to the jurisdiction over the person of the defendant in the suit for divorce between the parties thereto.

Generally speaking, as provided by statute, the writ of prohibition will lie for the purpose of arresting the proceedings of any tribunal exercising judicial functions when such proceedings are without or in excess of the jurisdiction of such tribunal, where no plain, speedy, and adequate remedy exists in the ordinary course of law. (Secs. 1102, 1103, Code Civ. Proc.)

The first question, then, to be here considered is whether the Superior Court was acting without or in excess of its jurisdiction in making each of the several orders to which reference has been had.

By section 416 of the Code of Civil Procedure it is provided that:

"From the time of the service of the summons and of a copy of the complaint in a civil action, where service of a copy of the complaint is required, or of the completion of the publication when service by publication is ordered, the court is deemed to have acquired jurisdiction of the parties, and to have control of all the subsequent proceedings. . . . "

And: "A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him. . . . " (Sec. 1014, Code Civ. Proc.)

So far as any of the statutory requirements for obtaining jurisdiction over the person of the defendant in the suit for divorce are concerned, it is admitted by respondents that none of them was complied with in either form or substance. In the absence of obtaining service upon the defendant in any or either of the modes prescribed by statute, the ordinary rule appears to be that an order made by the court of the nature of those here under consideration is unauthorized and void. (*Baker* v. *Baker,* 136 Cal. 302 [68 Pac. 971]; *Reed* v. *Reed,* 40 Cal. App. 102 [180 Pac. 43]; *De la Montanya* v. *De la Montanya,* 112 Cal. 101, 117 [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345]; *Williams* v. *Williams,* 60 Cal. App. 675 [213 Pac. 508]; *Matthews* v. *Matthews,* 240 N. Y. 28 [28 A. L. R. 1079, 147 N. E. 237].)

But it is urged by respondents upon facts which appear by affidavit, as well as by the return to the writ herein, that because one of the attorneys now representing petitioner herein was present in the trial court at the time such orders, or some of them, were made, such appearance by said attorney constituted an appearance for and in behalf of said defendant. The facts, however, in connection with the presence in court of said attorney at said time are that he was there merely as a spectator, and that he took no part whatsoever in the proceedings before the trial court; or, at most, that at the time when one of such orders was made, he appeared only for a defendant in the action other than Charles Spencer Chaplin, the petitioner herein. No record is shown of any appearance having been made by any attorney in behalf of defendant; in fact, each of such orders recites in effect that the defendant was not represented at either of such hearings.

Respondents further contend, on alleged facts likewise appearing, that said defendant Chaplin left the state of California for the express purpose of avoiding service upon him of the summons and a copy of the complaint in said action, and that because of said fact, together with the further alleged fact that there have been various communications to defendant (including letters, telegrams, newspaper articles, and the radio), defendant has been, and at the time of the making of each of said orders was, as fully notified of the pendency of said action as though he had been personally

served with the summons and a copy of the complaint therein.

[1] With reference to the proposition advanced by respondents, in effect, that because of the mere presence of one of defendant's attorneys in the trial court, whether as a spectator or as representing some other party defendant, at the time one of the orders under consideration was made, the appearance of defendant in the action was thereby legally indicated, the authorities are not in exact harmony. The cases of *Roth* v. *Superior Court,* 147. Cal. 604 [82 Pac. 246], *Cooper* v. *Gordon,* 125 Cal. 296 [57. Pac. 1006], and *California Pine Box & Lumber Co.* v. *Superior Court,* 13 Cal. App. 65 [108 Pac. 882], are examples of conditions other than those specified in section 1014 of the Code of Civil Procedure, under which a defendant was held to have appeared in an action. The attendant circumstances in each of such cases were as follows: In the Roth case, on the day following service of summons on the defendant, a stipulation was entered into between opposing counsel extending the defendant's time to plead. In *Cooper* v. *Gordon,* in consideration of a stay of execution granted to defendant, the plaintiff was given the right to enter judgment in his favor. In *California Pine Box & Lumber Co.* v. *Superior Court,* a stipulation was entered into extending time to answer, following a written request therefor by defendant's attorneys, in order to avoid the filing of a demurrer, and thereafter on application to the court, based on an affidavit showing good cause therefor, the defendant was granted a further extension of time to file his answer in the action.

While from the several rulings made in such cases it is apparent that the means for adjudging the appearance of a defendant in an action as specified in section 1014 of the Code of Civil Procedure is not exclusive, it is equally plain that none of such cases is authority for holding that the appearance of a defendant is shown by the mere fact that on the hearing of a motion in which several defendants are interested, an attorney thereafter representing the defendant was present in court, either as a spectator or as representing one of such defendants other than the defendant whose appearance is in question. On the other hand, authorities are not lacking in this state which indicate that such conditions are insufficient.

In the case of *Vrooman* v. *Li Po Tai*, 113 Cal. 302 [45 Pac. 470], it was held, apparently contrary to the rulings in the foregoing authorities, that in consideration of certain payments to be made by the defendant, the taking and filing of a stipulation extending his time to answer, and by his acting upon such agreement, did not constitute an appearance. The court said:

"But it is contended by respondent that by taking and filing the stipulation extending the time to answer, and by accepting and acting upon the agreement to grant successive extensions in consideration of certain payments made, defendant appeared in the action. Section 1014 of the Code of Civil Procedure defines what shall constitute an appearance. A defendant appears in an action when he answers, demurs, or gives written notice of his appearance, or when an attorney gives notice of an appearance for him, *and he can appear in no other way. This statute was intended to settle all disputes upon the subject.* There can be no chance for argument about equivocal acts. *State* v. *McCullough*, 3 Nev. 202, seems to be the other way, but the reasoning is far from satisfactory. There was no need of a statute to tell us that the acts specified would constitute appearance. The occasion for a rule was to dispose of questions upon which there might be dispute. There was no such appearance in this case.

"The defendant entered into no stipulation in regard to the case. Plaintiff granted him certain privileges, reserving the right to enter default and judgment in case defendant failed to comply with the conditions."

The case of *Davenport* v. *Superior Court*, 183 Cal. 506 [191 Pac. 911], goes still further in holding that the securing of an order from the judge of the trial court extending the time within which the defendants might plead to the complaint in the action was not a general appearance of such defendants. The court reviews many of the authorities and criticises as "too broad" the statement appearing in the Vrooman case that a defendant "can appear in no other way," than as is prescribed by section 1014 of the Code of Civil Procedure, and then declares that "An act of a defendant by which he intentionally submits himself to the jurisdiction of the court in that action for the purpose of obtaining any ruling or order of the court *going to the*

*merits of the case,* as, for example, a motion to strike out part of the complaint, or the making of stipulations, as in cases above mentioned, which may reasonably be construed to imply that the court has, in that action, acquired jurisdiction of the person of the defendant, will be equivalent to an appearance, although not strictly in accordance with the terms of section 1014. But the securing of the order extending time to plead *was not an act of that character,* and the rule of section 1014 should be applied to this case." (See, also, *Steinbach* v. *Leese,* 27 Cal. 299; *Powers* v. *Braly,* 75 Cal. 238 [17 Pac. 197]; *Anderson* v. *Nawa,* 25 Cal. App. 153 [143 Pac. 555].)

If, according to the latest expression on the subject by the court of last resort of this state, the obtaining by a defendant of an order from the judge of the trial court extending the time within which he might plead to the action did not amount to an appearance by such defendant, it should follow that the mere presence in court of an attorney (who afterward represented the defendant), either as a spectator or in the capacity as counsel for other defendants in the action, would not constitute an appearance. The decision in any case should depend upon the solution of the question of what was the legal intention of the defendant in the premises, and the answer to which can be determined only from the circumstances surrounding each given case. It is clear enough that if a defendant "intentionally submits himself to the jurisdiction of the court, . . . for the purpose of obtaining any ruling of the court *going to the merits of the case,*" he has made an appearance in the action. Surely the presence in court of an attorney who at that time was acting only for another party to the litigation, under a most strained construction, could not be taken as an act "going to the merits of the action" so far as any other defendant was concerned, or one by which the defendant intentionally submitted himself to the jurisdiction of the court; much less could the fact that such attorney was but a curious spectator of the proceedings in any manner affect the merits of the controversy so as to amount to such intentional submission to jurisdiction.

The case of *Honeycutt* v. *Nyquist, Peterson & Co.,* 12 Wyo. 183 [109 Am. St. Rep. 957, 74 Pac. 90], was an action

to recover a money judgment on an account stated and for goods sold and delivered, in which a writ of attachment was issued and levied. No service of process was had on the defendant. Thereafter a notice of motion for an order to sell the attached property was served on an attorney, who accepted service thereof for the defendant. In connection with the point that such circumstances amounted to an appearance for the defendant, the court said, in part:

"We are not inclined to regard the acceptance of service of the motion to sell the attached property as in itself amounting to a general appearance in the action. . . . But the paper referred to was not the summons nor petition. It ought not to be held, we think, that a mere acknowledgment of service upon the defendant of such a motion operates as· a submission of his person to the jurisdiction of the court for all purposes of the case. It cannot be said that the fact that a defendant has engaged an attorney to look after his interests either generally or in a particular cause amounts to a voluntary general appearance, for it may occur that the attorney shall conclude that his client's interests will be better subserved by not appearing, or he may be engaged merely to enter a special appearance and contest the question of jurisdiction. The same reasoning might apply in respect to the mere presence of the defendant and his attorney in court at the time fixed for the hearing of the motion, although it is unnecessary to decide that question. Certainly they would have had a right to be in court as spectators, without submitting the person of the defendant to the jurisdiction of the court in a particular case pending therein, if they did not participate in any of the proceedings in the case. . . . "

In *Fulton* v. *Ramsay*, 67 W. Va. 321 [140 Am. St. Rep. 969, 68 S. E. 381], the rule is laid down (syllabus) that: "A 'general appearance' must be express or arise by implication from the defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff, other than one contesting the jurisdiction only."

[2] The second suggestion of respondents, that is to say, that because of the alleged evasion of service of process upon him and the publicity through the medium of the press and the radio, and the probability of the receipt by defendant of

private letters and telegrams concerning the pendency of the action against him, he must have had notice of the pendency of the action, would seem equally unavailing to establish either the equivalent of service of process on the defendant or his voluntary appearance in the action. In support of such contention the attention of this court has been directed to the case of *Foley* v. *Foley,* 120 Cal. 33 [65 Am. St. Rep. 147, 52 Pac. 122], in which it appears that in a contempt proceeding arising out of the failure of the defendant to obey an order of the court in that regard, it was shown that the respondent therein had concealed himself to avoid a compliance with such order and the service of process. In such circumstances it was held that the order of the court which directed that the order to show cause be served upon the attorneys of record of the defendant was authorized and constituted a valid service on the defendant. However, in answer to the order to show cause, the defendant appeared by his counsel and, without interposing any objection to the want of personal service on the defendant, submitted evidence upon the merits of the matter then before the court. In the earlier cases of *Golden Gate etc. Co.* v. *Superior Court,* 65 Cal. 187 [3 Pac. 628], and *Eureka Lake etc. Co.* v. *Superior Court,* 66 Cal. 311 [5 Pac. 490], each of which likewise involved a contempt proceeding, the same principle was invoked as in the Foley case. It will be noted that the only parallel in the facts of the Foley case with those in the instant case is that in each of them the probable concealment of the defendant to avoid service of process inferentially appeared; and contrary to the facts in the instant case, that in each of the cases to which reference has been had, prior to the institution of the contempt proceeding, the defendant had appeared generally in the action.

Section 412 of the Code of Civil Procedure provides for the manner of procuring service of summons in an action "where the person on whom service is to be made . . . has departed from the state, . . . or conceals himself to avoid service of summons, . . . " No authority is suggested by respondents which in its effect or in principle would authorize this court to decide that any method of obtaining service of summons other than that prescribed by statute would be sufficient.

With reference to the necessity of actual service or the constructive service in proper cases, the supreme court, through Mr. Justice Field, in *Peabody* v. *Phelps,* 9 Cal. 213, 226, said, in part: "Of the action the defendant received no legal notice, and the judgment cannot, therefore, be evidence against him of a paramount title in Larkin. *Mere cognizance of the existence of an action is not notice in the legal sense.* To be available, the notice must apprise the party whose rights are to be affected, of what is required of him, and the consequences which may follow if he neglect to defend the action. (*Miner* v. *Clark,* 15 Wend. (N. Y.) 425; *Clarke* v. *Baird,* 7 Barb. (N. Y.) 65.)"

In *Matthews* v. *Matthews,* 240 N. Y. 28 [38 A. L. R. 1079, 147 N. E. 237], which affected a matter similar in many respects to the instant case, it is said: "It must be conceded that no judgment could be obtained for the disposition of the sequestered property without personal or constructive service upon the defendant. We have no such thing in our practice; in fact, there is no such thing in existence in the law as a personal judgment without service or notice of some kind, and the only kind of notice that we recognize in this state for the obtaining of a judgment is personal service, substituted service, or the service by publication of the summons in the action. It necessarily follows that when the word 'order' is thus linked up to the word 'judgment,' so that the disposition of the sequestered property is to be 'by order or judgment,' the order also to be legal and effective must be on notice to the defendant either given personally or in some form recognized by our practice. (Citing cases.)

"An abandoned wife where, as in this case, her husband is a nonresident, may sequester his property; but the service of the summons by publication must be commenced as herein stated. After he has been served by publication and is in default of appearance or pleading, the court can enter judgment and dispose of sequestered property as it deems best for the interest of the wife and children. If the defendant appears, of course there is no difficulty."

This court is disinclined to accept a construction which in its nature would have the effect of so broadening the apparent intent of the language of the present statute as to make it of no consequence as a legal requirement before service of

process may be obtained. The natural expansion of the principle suggested by respondents would include hearsay and rumor of every description and practically prevent or forbid at his peril any person who had been sued in an action from reading a newspaper or holding any communication whatsoever with his fellowman. The results of such a rule would be far-reaching, and if not disastrous, would at least be intolerable.

Other objections interposed by respondents to the issuance of the writ are that petitioner comes into this court with unclean hands; and in any event that each of the several orders, which together constitute the subject matter here under consideration, is appealable; also that the forum within which the remedy to which defendant was entitled, if any, should be administered, was that in which the objectionable orders were issued; for all of which reasons it is contended by respondents that the writ of prohibition should not issue.

[3] With reference to the alleged "unclean hands" of the petitioner, it is urged that because the suit for divorce is equitable in its nature, and because the court in which such action is pending has made the several orders here in question—all of which the defendant therein has seen fit to ignore—he should not now be heard in this court in a prayer for relief therefrom. But at least one of the difficulties with the position thus assumed by respondents is that it fails to take cognizance of the foundational fact that the defendant has never been served with summons, nor has he made an appearance in the action in the lower court; and consequently that from a legal standpoint he has never had notice of the pendency of the action. If the order issued by the Superior Court was in excess of the jurisdiction of such court, it is plain that the defendant was under no compulsion to obey it (*Maier* v. *Luce,* 61 Cal. App. 552, 558 [215 Pac. 399]) ; or that no restriction or limitation existed on his conduct with reference to taking legal steps necessary to have its invalidity judicially declared.

[4] Regarding the remedy open to defendant by appeal from the several orders, as suggested by respondents, it is a general rule that prohibition will not lie where the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. (Sec. 1103, Code Civ. Proc.) The

exception to the rule also is well established that although the order or the judgment to which exception is taken by the person upon whom it operates may be appealable and thus come within the general rule which forbids the issuance of a writ of prohibition, nevertheless, if in the circumstances of a given case it may be clearly discernible that such a remedy will not properly subserve the ends of justice by affording the relief to which the petitioner may be entitled, the fact that, ordinarily speaking, the remedy is "plain, speedy and adequate" will present no obstacle to the issuance of the writ. (*Lieberman* v. *Superior Court,* 72 Cal. App. 18 [236 Pac. 570]; *Consolidated etc. Co.* v. *Superior Court,* 189 Cal. 92 [207 Pac. 552]; *Hammons* v. *Superior Court,* 63 Cal. App. 700 [219 Pac. 1037]; *Quatman* v. *Superior Court,* 64 Cal. App. 203 [221 Pac. 666; *Elliott* v. *Superior Court,* 168 Cal. 727, 734 [145 Pac. 101]; *Koerber* v. *Superior Court,* 57 Cal. App. 31 [206 Pac. 496]; *Northcutt* v. *Superior Court,* 66 Cal. App. 350, 356 [226 Pac. 25]; *Davis* v. *Superior Court,* 184 Cal. 691 [195 Pac. 390]; *A. G. Col Co.* v. *Superior Court,* 196 Cal. 604 [238 Pac. 926]; *Department of Public Works* v. *Superior Court,* 197 Cal. 215, 224 [239 Pac. 1076].) The cases of *Simpson* v. *Police Court of Riverside,* 160 Cal. 530 [117 Pac. 553], and *Gardner* v. *Superior Court,* 19 Cal. App. 548 [126 Pac. 501], are to the effect that, even if the question be one of jurisdiction in the court making the order, the writ of prohibition will not lie, provided that the petitioner have a plain, speedy, and adequate remedy in the ordinary course of law. However, as is pointed out in the dissenting opinion in the Simpson case, whether the writ shall issue is largely a question of discretion in the court to which the application is made. It should also be noted that in both the Simpson case and in the Gardner case no question of the jurisdiction of the party defendant was involved and that the question of jurisdiction was confined to the subject matter of the action.

[5] As is stated in volume 2 of Ruling Case Law, section 14, page 333: "It is a well settled general rule that an appeal from or a writ of error to judgment of a court of general jurisdiction operates as a general appearance in the case." It is therefore apparent that if by appealing from all or any of the several orders under consideration a general appearance of the defendant in the instant case would result,

the appeal would be useless, and effective relief from the several orders made without or in excess of the jurisdiction of the trial court would be entirely denied to the defendant.

Assuming, without deciding, that the filing of a notice of motion to vacate the orders in question would likewise constitute a general appearance by the defendant (*Grinbaum* v. *Superior Court,* 192 Cal. 528, 556 [221 Pac. 635] ; *Shriver* v. *Superior Court,* 48 Cal. App. 576 [192 Pac. 124]), it is manifest that by such act he would destroy the very purpose of his motion. On the question of the necessity on the part of an aggrieved party to make application before the court making such order for relief by way of a motion to vacate, the language used by Mr. Justice Richards in the case of *Grinbaum* v. *Superior Court,* 192 Cal. 528, 556 [221 Pac. 635, 647], is appropriate. In part, he said: "As to the petitioner's second suggested remedy, viz., that of a motion to set aside such void order in the court making the same; in response to this suggestion it may be stated that it has never been the practice to require a party injuriously affected by a judgment or order of a court, which court had never acquired jurisdiction over either his person or property to make the same, to first apply to the court making said order to have the same vacated; nor should it be so in reason, since to apply such a rule would be to require such a party to submit himself to the jurisdiction of the court making such void order and thus commit himself thenceforward to the tender mercy of the court making the same. We are cited to no authority which goes so far as to hold that a person having a clear right to make a direct attack by *certiorari* upon a judgment or order of a judicial tribunal upon the ground of lack of jurisdiction must first seek relief from such judgment or order in the court which was without jurisdiction to make or enter the same. . . . On the other hand, in the case of *Havemeyer* v. *Superior Court,* 84 Cal. 327 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121], which arose on application for a writ of prohibition, this court, after an exhaustive consideration of the subject, said (page 405) : 'If a want of jurisdiction is apparent on the face of the proceeding in the lower court, no plea or preliminary objection *is necessary* before suing out the writ of prohibition.' This we think to be the true and reasonable rule applicable to cases of this character.''

The return to the writ herein shows conclusively that any application which might be made to the Superior Court to vacate all or any of the orders made by it would be denied.

[6]    In the case of *Keeley* v. *Superior Court,* 26 Cal. App. 213 [146 Pac. 526], the rule is laid down that an application for the writ of prohibition will be granted in a proper case where from the return of the respondent it appears that the application to him for an order vacating the order of which exception was taken would be unavailing.    To the same effect are *Nissen* v. *Elliott,* 145 Ark. 540 [224 S. W. 958] ; *City of Charleston* v. *Littlepage,* 73 W. Va. 156 [51 L. R. A. (N. S.) 353, 80 S. E. 131] ; *State* v. *Kelley,* 32 S. D. 526 [143 N. W. 953] ; *State* v. *Williams,* 221 Mo. 227 [120 S. W. 740] ; *Foley* v. *Ham,* 102 Kan. 66 [L. R. A. 1918C, 204, 169 Pac. 183].

[7]    As a conclusion from the foregoing, it will appear that in the absence of service of process on the defendant, or of his legal appearance in the action, each of the orders to which reference has been had was void, and that for the reasons heretofore expressed herein the defendant is entitled to the writ directing and commanding the respondents, and each of them, to desist and refrain from further proceedings under the orders, and each of them, referred to in the petition herein.    It is so ordered.

Conrey, P. J., and York, J., concurred.